McCOLLUM *et al. v.* BASS *et al.*

No. 15621. NOVEMBER 14, 1946.

*Gowen, Conyers & Dickey,* for plaintiffs in error.

*Benjamin R. Martin Jr.,* contra.

HEAD, Justice. (After stating the foregoing facts.) The relators rely on the provision of the Code, § 32-903, as follows, "The grand jury in selecting the members of the county board of education shall not select . . any two of those selected from the same

militia district or locality," as the basis for their contention that the appointment of the respondents was illegal, null, and void, as declared by the judgment rendered. Counsel for the respondents insist that it was "the legislative intent to deal exhaustively with . . the composition of county boards of education" in the Constitution of 1945, and that § 32-903 has been superseded, and is no longer operative, by reason of the adoption of this Constitution.

In *Wheeler* v. *Board of Trustees of Fargo Consolidated School District,* 200 *Ga.* 323, 335 (37 S. E. 2d, 330), it was said by this court: "The General Assembly in 1919 (Ga. L. 1919, p. 288; Code, §§ 32-901 et seq.), enacted a very comprehensive code of school laws. . . The Constitution of 1945 simply made constitutional the first-quoted portion of the act of 1919, thereby creating a constitutional board of education for the counties, and that is all this provision did." Counsel for the respondents insist, however, that parts of the Code, §§ 32-901, 32-902, 32-903, and 32-905, were incorporated in the Constitution of 1945 as art. 8, sec. 5, par. 1, and that such paragraph is an exhaustive constitutional provision with reference to the composition of county boards of education.

The Constitution does not make any reference to the provision in the Code, § 32-902, that no publisher of school books, nor any agent of such publisher, nor any person who shall be pecuniarily interested in the sale of school books shall be eligible for election as a member of any county board of education. Nor does the constitutional provision make any reference to the requirements in § 32-903, that the grand jury shall not select one of their own number, or *"any two of those selected from the same militia district or locality,"* and that they shall apportion members as far as practicable over the county, and shall select men of good moral character, who have at least a fair knowledge of the elementary branches of an English education and are favorable to the common-school system. If the position taken by counsel for the respondents, that the Constitution is exhaustive as to the composition of members of county boards of education, should be sustained, then all qualifications for members of such boards, as listed by §§ 32-902 and 32-903, must be held to have been repealed by the adoption of the Constitution of 1945.

The same rules of construction as to the validity of a statute would apply where the Constitution is adopted after the statute,

as where the statute is adopted after the Constitution. The statute in either case, if in conflict with the Constitution, would not be operative. It was said by this court in *Culbreth* v. *Southwest Ga. Housing Authority,* 199 *Ga.* 189 (33 S. E. 2d, 684), "All presumptions being in favor of the constitutionality of an act of the General Assembly, 'it can not be lawfully set aside by the courts unless the alleged conflict with the Constitution is plain and palpable.' *Mayes* v. *Daniel,* 186 *Ga.* 345 (198 S. E. 535)." The Constitution of 1945 makes provision for the number, method of appointment, and term of the members of such board, but it makes absolutely no provision as to their qualifications, and there is, therefore, no conflict between the statutory requirements as to the qualifications of the members of the board and the provisions of the Constitution.

The Constitution of 1945, art. 12, sec. 1, par. 3, provides: "All laws now of force in this State, not inconsistent with this Constitution shall remain of force until the same are modified or repealed by the General Assembly." The provision of the Code, § 32-903, that no two members of a county board of education shall be selected from the same militia district, is entirely consistent with the provisions found in the Constitution, and it can not be held by this court that the people in the adoption of the Constitution intended to repeal statutory requirements as to the qualifications of the members of such boards.

It was said by this court in *Wellborn* v. *Estes,* 70 *Ga.* 390: "The object of construction, as applied to a written constitution, is to give effect to the intention of the people in adopting it, and to determine the thought which the constitution expresses. The whole instrument should be examined, with a view to arriving at the true intention of each part, and effect should be given, if possible, to every part." Construing art. 8, sec. 5, par. 1, and art. 12, sec. 1, par. 3 of the Constitution together, it must be held that there is no evident intent that the statutory requirements as to qualifications of members of county boards of education be repealed by the Constitution of 1945, and the court properly held that the appointment of two men from the same militia district was illegal.

*Judgment affirmed. All the Justices concur.*