ESTES *et al. v.* JONES.

No. 16201. MAY 14, 1948.

*Carl T. Hudgins,* for plaintiffs.

*Weekes & Candler* and *J. A. McCurdy,* for defendants.

JENKINS, Chief Justice. ■ "All presumptions being in favor of the constitutionality of an act of the General Assembly, it can not be lawfully set aside by the courts unless the alleged conflict with the Constitution is plain and palpable." *Culbreth v. Southwest Ga. Housing Authority,* 199 *Ga.* 189 (33 S. E. 2d, 684).

■ The Constitution of 1945 (art. VIII, sec. V, par. I) creates a constitutional board of education for each county and also makes provision for the number, method of appointment, and terms of the members of such board; but, since it makes no provision as to the qualification of such members, there is therefore no conflict between the statutory requirements already in existence when the Constitution was adopted (Code, § 32-902 et

seq.), insofar as they pertain to qualifications of members of said board and the provisions of the Constitution above cited. See *McCollum* v. *Bass*, 201 *Ga.* 537, 539 (40 S. E. 2d, 650), which appears absolutely controlling on the point under review.

■    The act of the General Assembly (Ga. L. 1943, pp. 271, 272) amends Code § 32-902, referred to in the previous section of this opinion, by adding thereto additional provisions, as follows: "Sec. 1. In all Counties of this State having a population of not less than 85,000, and not more than 90,000, according to the United States census of 1940, or any future census, a member of the County Board of Education shall not be eligible to succeed himself at the expiration of his term of office, nor shall he be eligible for re-election to said board for a period of two years following the expiration of said term. Sec. 2. The successor of any member of said County Board of Education shall be selected from a Militia District different from that of the member of said Board whom he is chosen to succeed. Sec. 3. . . A trustee of a local school district within the county shall not be eligible to serve at the same time as a member of the County Board of Education."

(*a*)    It is the contention of the defendant in error (respondent) that the above-quoted amendatory provisions are inconsistent with the provisions of art. VIII, sec. V, par. I of the Constitution, in that they "restrict and limit the membership in the County Board of Education in a manner not contemplated or permitted by the Constitution." This contention is without merit, for the reason that such provisions simply prescribe additional qualifications as to eligibility for membership on said board; and since the Constitution makes no provision at all for the qualification of such members, the provisions complained of are but supplementary to, and under the rulings in *McCollum* v. *Bass*, supra., not inconsistent with, the constitutional provision here dealt with.

(*b*)    The only remaining question raised by the demurrer to the respondent's amendment is the contention of the respondent that the above-quoted act of the General Assembly is, by reason of its classification, a special law applicable to the same subject-matter for which provisions have been made by existing general law (Code, § 32-902 et seq.), and therefore the act is violative

of the provisions of art. I, sec. IV, par. I of the Constitution of Georgia. The requirements for a valid classification of counties by population are that "The basis of classification must have some reasonable relation to the subject-matter of the law, and must furnish a legitimate ground of differentiation" (*Stewart* v. *Anderson,* 140 *Ga.* 31, 33, 78 S. E. 457); the classification must be open to let in counties subsequently falling within the class, as well as open to let out a county which, either by increase or decrease of population, ceases to have the required population; and the law must apply uniformly to all counties within the class, and must not be so "hedged about and restricted that the act applies only to one county." *Sumter County* v. *Allen,* 193 *Ga.* 171, 176 (17 S. E. 2d, 567). In the instant case, the classification of counties having a population of "not less than 85,000, and not more than 90,000, according to the United States census of 1940 *or any future census*" (italics ours), meets the requirement as to being open so as to be applicable to all counties coming within the prescribed classification; and since there is no further restrictive proviso such as would make the act applicable to one county only, and it does not appear that such classification is not without a reasonable basis, such act is not, as contended, violative of the constitutional provision here invoked.

*Judgment reversed. All the Justices concur. Duckworth, P. J., concurs specially.*

DUCKWORTH, P. J., concurring specially. I concur in the judgment of reversal solely because I am bound by the decision in *McCollum* v. *Bass,* 201 *Ga.* 537, in which I concurred, but which decision I am now convinced is unsound and should be overruled.