19078. WALDEN, Treasurer, *et al. v.* OWENS, Clerk, *et al.*

ARGUED SEPTEMBER 13, 1955—DECIDED OCTOBER 11, 1955.

*Matthews, Maddox, Walton & Smith,* for plaintiff in error.

*Maddox & Maddox, Graham Wright, Graham Glover, Gary Hamilton, Harris & Harris,* contra.

MOBLEY, Justice. ■ The act approved February 14, 1950 (Ga. L. 1950, p. 2389 et seq.) as amended (Ga. L. 1953, Nov.-Dec. Sess., p. 2547), purporting to change from the fee to the salary system, in certain counties in Georgia, the clerk of the superior court, the sheriff, the ordinary, the tax collector, and the tax receiver (or tax commissioner), declares "that the provisions of this act shall apply to all counties in the State of Georgia having, by the United States census of 1940, a population of not less than 53,000 inhabitants, nor more than 75,000 inhabitants, and to all counties in this State having, by any future census of the United States, a population of not less than 53,000 nor more than 75,000 inhabitants, and on the publication of said census any county not now having said population of 53,000 but by said new census having said population of 53,000, such county shall immediately automatically pass under the terms of this act."

In *Tift v. Bush,* 209 *Ga.* 769 (75 S. E. 2d 805), this court held: "A legislative act which· is limited in classification to only one county at the time of its passage, and which is so restricted by its terms that it can not operate uniformly upon the class of subjects with which it proposes to deal, is not a general law." It was said in the opinion: "In order for an act which makes a classification by population to be general, rather than special, it must not only be open to let in counties subsequently falling within the class, but must be open to let out a county which, either by

increase or decrease according to the last census, ceases to have the required population. The act of 1949 applies 'to all counties in the State of Georgia having, according to the official United States census of 1940, a population of not less than forty thousand inhabitants, and not more than fifty thousand inhabitants, and to all counties in this State which may have by any future census of the United States a population of forty thousand inhabitants and not more than fifty thousand inhabitants.' In *Sumter County* v. *Allen,* 193 *Ga.* 171 (17 S. E. 2d 567), it was held that, where the alternative expression, 'or any subsequent United States census,' was used, a county might fall below the minimum-population bracket and be released from the terms and provisions of the act. Such is not true in the present case. The conjunctive word 'and' having been used, regardless of any future census, Troup County is 'frozen' within the terms of the act, and neither Dougherty nor Hall County could be released from the provisions of the act either by increase or decrease in population, in opposition to the rule that, in order for an act to be a general law, the classification must be open to let out a county which, either by increase or decrease, ceases to have the population provided by the act. See *Estes* v. *Jones,* 203 *Ga.* 686 (48 S. E. 2d 99)."

The conjunctive word "and" having likewise been used in the act of 1950 as amended, under the interpretation given its meaning in *Tift* v. *Bush,* supra, Floyd County is "frozen" within the terms of the act, and the act is therefore not a general law.

■ The next question is whether the act of 1950 is a valid special or local law. Taking the allegations of the petition to be true, as must be done on general demurrer, the present act, if construed to be a special or local law, would be violative of article 3, section 7, paragraph 15, of the Georgia Constitution of 1945 (Code, Ann., § 2-1915), for the reason that it was not advertised in Floyd County, the locality to be affected. *Smith* v. *City Council of Augusta,* 203 *Ga.* 511 (47 S. E. 2d 582), and cases cited.

Accordingly, the trial court did not err in overruling the defendants' general demurrer to the petition, which sought by declaratory judgment to decree the act of 1950 as amended to be violative of designated provisions of the Georgia Constitution of 1945.

Other constitutional questions set forth in the petition, a determination of which is not necessary to a disposition of the case, will not be passed upon. *Lively* v. *Grinstead,* 210 *Ga.* 361, 363 (80 S. E. 2d 316), and cases cited.

*Judgment affirmed. All the Justices concur.*