22414. GRIMES v. LINDSEY et al., Commissioners.

CANDLER, Justice. An Act approved April 4, 1963 (Ga. L. 1963, p. 2944), fixes the salary of sheriffs in all counties of this State having a population of 500,000 or more according to the

U. S. census of 1960 or any future such census at $14,400 per annum payable in equal monthly installments out of the treasuries of such counties and such Act fixes January 1, 1963, as the effective date thereof. We judicially know this Act applies to Fulton County. It increased the salary of the sheriffs affected thereby from $12,000 per annum to $14,400 per annum. The fiscal officers of Fulton County refused to pay the sheriff of that county $620—the increased amount of salary due him under the Act for the period from January 1, 1963 to April 4, 1963—the approval date of the Act. He brought mandamus to compel such payment by them. The defendants demurred to his petition on the ground that the Act, insofar as it has retroactive effect, offends Art. I, Sec. III, Par. II of Georgia's Constitution of 1945 which provides that "No . . . retroactive law . . . shall be passed." (*Code Ann.* § 2-302). Their demurrer also attacks the validity of the Act insofar as it provides compensation or salary for the sheriffs affected prior to the date of its approval on other enumerated constitutional grounds. The demurrers were sustained and the exception is to that judgment. *Held:*

1. Art. I, Sec. III, Par. II of the Constitution of 1945 (*Code Ann.* § 2-302) which declares that no retroactive law shall be passed is an unconditional mandate of the people; it is too positive and too certain in meaning to be misunderstood by anyone, lawyer, judge or layman. For cases so construing this provision of the Constitution, see *Davis v. Hunt,* 218 Ga. 630 (129 SE2d 778) and the several cases there cited; and also a dissenting opinion filed in *State Highway Dept. v. Bass,* 197 Ga. 356, 378 (2) (29 SE2d 161), as prepared by Mr. Justice (now Chief Justice) Duckworth, and concurred in by Mr. Presiding Justice Jenkins and Mr. Justice Grice which is an elaborate and exhaustive discussion of the constitutional inhibition of retroactive legislation.

2. It is not here contended, nor could it successfully be, that the Act of 1963 offends any provision of the Constitution of this State insofar as it fixes the salary sheriffs are to receive in the counties affected thereby after the approval date of such Act. It is well settled by numerous decisions of this court that where a part of an Act is valid and a part unconstitutional, the valid part will be upheld "when it is reasonably certain that to do so will correspond with the main purpose which the legislature sought to accomplish by its enactment,

if, after the objectionable part is stricken, enough remains to accomplish that purpose." For some of the cases so holding, see *Cain v. Smith,* 117 Ga. 902 (44 SE 5); *Bennett v. Wheatley,* 154 Ga. 591 (115 SE 83); and *Davis v. State,* 204 Ga. 467 (50 SE2d 604).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1964—DECIDED MARCH 18, 1964.

*Westmoreland, Hall & Pentecost,* for plaintiff in error.
*Martin H. Peabody, Harold Sheats,* contra.