26190.  DOUGHERTY COUNTY et al. v. BUSH et al.

ARGUED DECEMBER 14, 1970—DECIDED JANUARY 7, 1971.

*Perry, Walters, Langstaff, Lippitt & Campbell, Evans J. Plowden, Jr., H. H. Perry, Jr.,* for appellants.

*Heard & Leverett, E. Freeman Leverett,* for appellees.

GRICE, Justice. The decisive question in this appeal is whether a statute authorizing creation of law libraries (Ga. L. 1970, p. 3367) and imposing a specified item of court costs to finance them is constitutional.

This question arose when Dougherty County, acting by and through the Board of Commissioners, filed suit in the superior court of that county against J. W. Bush, the clerk of that court and also Clerk of the City Court of Albany.

The complaint, insofar as necessary to recite here, alleged that the defendant Bush was threatening to implement the various provisions of the statute imposing a $2.00 cost item; that it violates the special laws provision of the Georgia Constitution. This provides in material part that, "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Art. I, Sec. IV, Par. I (*Code Ann.* § 2-401). The complaint sought a declaration that the statute is unconstitutional and injunctive relief against its implementation.

To this complaint the defendant filed an answer admitting all material facts.

Since there was no dispute as to them, the trial court heard the case without a jury pursuant to stipulation of the parties.

It rendered judgment holding that the statute is constitutional, dismissing the complaint.

The appeal is from that judgment.

Although they are not directly drawn in issue in this appeal, the ruling made here affects at least 26 other statutes of similar nature. See in this connection, *Code Ann. Ch.* 23, Editorial note,

pp. 224-229, also 1970 Cumulative Pocket Part, pp. 13-14; *Code Ann.* § 24-3401, 1970 Cumulative Pocket Part, p. 157.

The attack upon the statute here is primarily upon Section 1, which provides in material part that, "There is hereby created in each county in Georgia having a population of not less than 70,000 and not more than 110,000, *according to the United States decennial census for 1960 or any such future census,* a board to be known as the Board of Trustees of the County Law Library. . ." Under the 1960 census only Dougherty County fell into this population bracket, but under the 1970 census Clayton, Floyd and Gwinnett also come within it.

This court has repeatedly held that the legislature may classify for purposes of legislation, but the basis of classification must have some reasonable relation to the subject matter of the law, and must furnish a legitimate ground of differentiation as the Constitution does not permit mere arbitrary discrimination. *Stewart v. Anderson,* 140 Ga. 31, 33 (78 SE 457).

Statutes of this general nature involving classification by population have been a source of prolific litigation.

From the host of these decisions certain requirements for validity emerge.

First, for a classification by population to render the statute general instead of special, the statute must not only be open to let *in* counties later falling within the class, but must be open to let *out* a county that by increase or decrease according to the last census ceases to have the required population, so as not to freeze a county within the original population restriction. See *Walden v. Owens,* 211 Ga. 884 (89 SE2d 492).

Second, where population is the basis for classification, it must not be so hedged about and restricted as to apply to only one county, so that others coming within the class provided cannot also come within the purview of the statute. See *Stewart v. Anderson,* 140 Ga. 31, supra.

And third, the classification by population must have some reasonable relation to the subject matter of the statute and a legitimate ground for differentiation. *City of Atlanta v. Gower,* 216 Ga. 368 (2) (116 SE2d 738).

The foregoing requirements have been applied in classification

by population situations involving (1) only a minimum figure; (2) only a maximum figure; and (3) both minimum and maximum figures. Counsel for both sides in this appeal by their research and presentation of the decisions dealing with these requirements have been most helpful.

The attack made upon the statute under consideration is predicated upon only the third requirement referred to above, it being urged that the population classification does not have a reasonable relation to the subject matter of the statute.

This attack, as we view it, is meritorious.

At the outset, it should be borne in mind that there are existing general laws providing for costs taxed in cases in the superior and city courts, namely *Code Ann.* §§ 24-2727, 24-2728; also laws providing for payment from taxes of expenses of courts (*Code Ann.* § 92-3701 (5)) which would include purchase of books for use of judges, solicitors, ordinaries and other officers of the courts and also through taxes for establishment of public libraries (*Code Ann.* § 92-3701 (14)).

Whether or not the classification by population has reasonable relation to the subject matter of the statute depends largely upon the facts of each particular case. In this connection, *Estes v. Jones,* 203 Ga. 686 (48 SE2d 99), relied upon by the appellee, dealt with qualification for boards of education which is not involved here, is not full bench, and therefore is not binding in the determination of the case at bar.

As we view it, the population classification before us, not less than 70,000 but not more than 110,000, has no reasonable relationship to the subject matter of the statute, to wit, taxing of an additional item of cost for establishing a law library. Therefore the statute is a special, not a general, law.

The same need for a law library in a county of not less than 70,000 but not more than 110,000 people exists in a county of less than 70,000 and in one of more than 110,000 people.

That need is for research, which is essential to the proper administration of justice. Adequate library facilities, including reported cases, statutes, encyclopedias, treatises, texts and other law books are indispensable. Judges, lawyers and other officers of all counties need them. The consequences of erroneous decisions re-

sulting from inadequate library facilities affect all people. Likewise, correct and just results should redound to all litigants in numerically large and small counties.

We cannot agree with the basis of appellee's contention that here the subject matter of law libraries bears a reasonable relation to population. In this connection he asserts that as to the 70,000 figure the General Assembly may well have concluded that counties of less than 70,000 would have no need for law libraries, or if they did, they should be financed and provided for differently; and that as to the 110,000 figure, the General Assembly reasonably might have concluded that counties larger than this would have sufficient funds from other sources to fund libraries, or might have considered that they, because of larger volume of business, should not tax as much as $2.00 to the cost of each case. We regard this as remote and speculative.

In our evaluation the statute violates the special laws provision of the Georgia Constitution (Art. I, Sec. IV, Par. I; *Code Ann.* § 2-401).

Therefore, the judgment of the trial court is

*Reversed. All the Justices concur.*