## 28949. In re KNIGHT.

Per curiam.

The appellant filed an application to take the February, 1974 Bar Examination. The applicant was originally approved by a single judge of the Superior Court of DeKalb County as to moral character but such approval was later withdrawn because of an unwritten rule of such court that had existed for many years but unknown to the presiding judge that: Any application of an applicant to take the Bar Examination whose character was in question would be considered by the court en banc. The question as to the applicant's moral fitness was heard by the court en banc with seven judges participating in such hearing. Four judges found the applicant unfit, two judges found him fit and one judge abstained from voting. The appeal is from this judgment.

On such hearing the applicant freely admitted that he had contacted two out-of-state law students by telephone, then made a trip out of state and offered them $5,000 if they would successfully take the examination for him. The applicant further testified that prior to the time these students rejected his offer he had determined not to go through with such proposal.

1. During the term of court that the applicant's application was first approved by a single judge, such judgment was in the breast of the court. Compare *Holloman v. Holloman,* 228 Ga. 246, 248 (184 SE2d 653).

The order of the single superior court judge vacating

the applicant's certification made during the same term of court was not an abuse of discretion.

2. In 1879 the General Assembly authorized superior court judges in counties having therein a city of 10,000 inhabitants to preside en banc. See Ga. L. 1878-79, p. 149; Ga. L. 1886, p. 34. This court will take judicial notice that DeKalb County has therein a city of more than 10,000 inhabitants. Compare *Lanier v. Richmond County,* 203 Ga. 39 (45 SE2d 415); *Tift v. Bush,* 209 Ga. 769 (75 SE2d 805); *City of East Point v. Henry Chanin Corp.,* 210 Ga. 628 (81 SE2d 812); *Studstill v. Gary,* 216 Ga. 268 (116 SE2d 213); *Grimes v. Lindsey,* 219 Ga. 779 (135 SE2d 860). The Act of 1879, as amended, supra, has not been expressly repealed, and the mere failure to include such Act in the Code would not work as an implied repeal. Compare *Newcomb v. Niskey's Lake,* 190 Ga. 565 (10 SE2d 51), and cits.

Accordingly, the decision of the Judges of the Superior Court of DeKalb County to hear en banc evidence relating to the applicant's moral character prior to making a determination as to his moral fitness to practice law was not error.

3. Pretermitting other questions raised by the applicant in this court, the sole remaining controlling question is whether or not the evidence adduced at the hearing before the Judges of the DeKalb Superior Court authorized the judgment entered by the majority of the judges participating therein. This question must be answered in the affirmative.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1974 — DECIDED SEPTEMBER 6, 1974.

J. Larry Knight, *pro se.*

*Arthur K. Bolton, Attorney General, Dorothy Y. Kirkley, Timothy J. Sweeney, Assistant Attorneys General,* contra.