## 32120, 32253. KIRK v. HASTY (two cases).

JORDAN, Justice.

These appeals are from orders denying injunctive relief to the plaintiff-appellant and granting injunctive relief to the defendant-appellee.

Tami Roche Kirk, individually and as administratrix of the estate of her deceased husband, John Acel Kirk, brought a complaint against James R. Hasty, doing business as the Imperial Hotel. She alleged: Her husband and the defendant entered into an oral partnership agreement whereby her husband furnished capital and the defendant transferred one-half of his interest in the hotel and realty on which it is located. At the time of his death her husband operated a business in the hotel, independently of the partnership, under the name of the Domino Lounge, as a tenant pursuant to an oral lease with the defendant. She is presently conducting this business as administratrix and sole heir of husband's estate. The defendant is attempting to oust her business operation from the hotel.

She prayed for accounting and other relief as to the partnership, and for injunctive relief from the defendant's attempt to oust her.

The defendant denied that there had been any partnership between him and the defendant's husband.

The plaintiff by amended complaint alleged that the defendant had served notice of eviction upon her.

After a hearing, the plaintiff's application for interlocutory injunction was denied. The appeal in Case No. 32120 is from this order.

Thereafter the defendant filed an amendment to his answer and counterclaim alleging that the plaintiff is a tenant at sufferance on his property, that he has served her notice that possession is demanded and she has refused to deliver possession. He prayed for a writ of possession, or that she be enjoined from her continuing trespass on the property.

After a hearing, the trial judge restrained the plaintiff from further occupying the premises. The appeal in Case No. 32253 is from this order and an order denying supersedeas. This court granted supersedeas.

1. The plaintiff presented no evidence on her application for interlocutory injunction. She asserts error because the court denied discovery to her, and denied her motion for continuance of the hearing because of the defendant's failure to comply with her request for discovery.

The first order appealed from in Case No. 32253 contains a ruling that the plaintiff is entitled to discovery. The second order appealed from in this latter appeal states that the portion of the order relating to discovery is "vacated with consent of the parties." Apparently discovery has been allowed. If not, we direct that the plaintiff be given opportunity, within a reasonable time, to obtain discovery from the defendant on the issue of the alleged partnership.

2. The order appealed from in Case No. 32253 granting injunctive relief to the defendant presents the same question as that made in Case No. 32120 on the right of the plaintiff to retain possession of the premises used by her husband in his business, and we will consolidate the cases for a determination of this question.

3. There is no merit in the plaintiff's objections to the filing of the defendant's counterclaim seeking injunction.

4. The plaintiff contends that the defendant had an

adequate remedy at law for the removal of a tenant holding over beyond the term of the lease by dispossessory warrant, and that the court erred in granting injunction to remove her. There is no merit in this contention.

The plaintiff brought an equitable action against the defendant. Equity having assumed jurisdiction will retain it to afford complete relief between the parties as to the subject matter of the complaint. Code § 37-105; *Johnson v. Townsend,* 192 Ga. 522, 524 (2a) (15 SE2d 790) (1941); *Lowry v. Rosenfeld,* 213 Ga. 578 (3) (100 SE2d 447) (1957).

5. The plaintiff contends that she should not be ousted from the Imperial Hotel pending a determination of the issue of partnership. No evidence has been heard in the case.

The plaintiff does not claim that she has any right to occupy the premises under her husband's oral lease. She asserts that, if she can prove the existence of a partnership between her husband and the defendant, she will be a tenant in common with the defendant with joint right of occupancy of the hotel, and that she should not be required to surrender possession of the business she is operating therein until the issue of partnership is determined.

Should the plaintiff, on the trial of the case, establish that her husband was a partner with the defendant in operating the hotel, that partnership was dissolved by his death. Code § 75-107. The surviving partner has the right to control the assets of the firm, to the exclusion of the administratrix of the deceased partner, for the payment of debts, and after the debts are paid, the assets would be divided. Code § 75-208. The real estate of the partnership may be disposed of by the surviving partner to the extent necessary to pay debts. Code § 75-210.

Since the plaintiff alleged that the partnership was oral, there were no articles of partnership providing for the operation of the hotel business after the death of one of the partners, and the business would not survive the death of one of the partners. *Richter v. Richter,* 202 Ga. 554 (1) (43 SE2d 635) (1947).

If the plaintiff prevails on the partnership issue, the

hotel business of the partnership will be dissolved and she will have no right to operate her present business. The trial judge did not err in enjoining her from further occupying the premises in the hotel.

6. Error is enumerated on the grant of the injunction to the defendant because it is, in effect, a permanent injunction issued at an interlocutory hearing without any order of consolidation pursuant to Code Ann. § 81A-165 (a) (2) (Ga. L. 1966, pp. 609, 665; 1967, pp. 226, 240; 1972, pp. 689, 698).

The Code section cited permits, but does not require, the consolidation of a trial on the merits with the hearing on the application for interlocutory injunction.

As pointed out in the preceding division, the plaintiff has no right to occupy the premises where her husband operated his business, and the trial judge was authorized to enter a final judgment as to this phase of the case. Code Ann. § 81A-140 (b) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108); *Phillips v. Gladney,* 234 Ga. 399, 401, 402 (216 SE2d 297) (1975).

*Judgments affirmed in both cases. All the Justices concur.*

32120, SUBMITTED APRIL 11, 1977; 32253, SUBMITTED JUNE 14, 1977 — DECIDED JUNE 28, 1977 — REHEARING DENIED JULY 14, 1977.

*Ronald J. Armstrong, Leonard C. Lewellen, Charles T. Magarahan,* for appellant.

*Rich, Bass, Kidd & Witcher, Casper Rich, Noah J. Stone,* for appellee.