34556. STRICKLAND et al. v. RICHMOND COUNTY.

BOWLES, Justice.

This appeal is from an order of Richmond Superior Court enjoining appellants from increasing the water

rates charged to their customers in Town & Country Park, without first complying with the provisions and requirements of Ga. L. 1975, p. 4558.

Appellants A. K. Strickland and Town & Country Water Company, Inc. operate a water system in Town & Country Park Subdivision in Richmond County, Georgia. Effective March 1, 1978, appellants increased water rates charged to their residential customers in Town & Country Park Subdivision, without complying with the provisions and requirements of Ga. L. 1975, p. 4558. This statute provides that in all counties having a population between 145,000 and 165,000, no company providing water or sewerage services shall increase their rates for such services without the prior approval of the governing authority in the county where such services are provided. None of the facts are in dispute. Richmond County had a population of between 145,000 and 165,000 at the time this lawsuit was filed, and appellants were covered under the provisions of the Act.

Appellee Richmond County, acting by and through its Board of Commissioners filed a complaint seeking to enjoin appellants from increasing the rates for water and sewerage services in Town & Country Park Subdivision without complying with Ga. L. 1975, p. 4558. In their pleadings, appellants challenged the constitutionality of Ga. L. 1975, p. 4558, on several grounds including the allegation that the law was a general law without uniform application throughout the state made in violation of Art. I, Sec. II, Paragraph VII of the Georgia Constitution. The trial court upheld the constitutionality of the law, and granted the injunctive relief sought by the county. We reverse.

"This court has repeatedly held that the legislature may classify for purposes of legislation, but the basis of classification must have some reasonable relation to the subject matter of the law, and must furnish a legitimate ground of differentiation, as the Constitution does not permit mere arbitrary discrimination. *Stewart v. Anderson,* 140 Ga. 31, 33 (78 SE 457)." *Dougherty County v. Bush,* 227 Ga. 137, 138 (179 SE2d 343) (1971). Whether or not classification by population bears a reasonable relation to the subject matter of the statute depends

largely upon the facts of each particular case. A classification is valid if it relates to the subject matter of the legislation and is not unreasonable or arbitrary. *Commrs. of Fulton County v. Davis,* 213 Ga. 792 (102 SE 2d 180) (1958) and cits.

The population classification now under consideration, not less than 145,000 but not more than 165,000, has no reasonable relationship to the subject matter of the statute, to-wit, requiring approval of the governing authority before a company providing water services in the county can increase its rates. It has not been shown why the customers of a water company in counties of the particular size stated are more in need of this price control and approval than in larger or smaller counties. While appellees cite many cases in which classifications made in population Acts have been found to be reasonably related to the subject matter of the Act itself, they have failed to demonstrate the existence of such a relationship under the facts of this case.

We conclude that Ga. L. 1975, p. 4558, violates Art. I, Sec. II, Par. VII of the Georgia Constitution of 1976 (Code Ann. § 2-207), which requires laws of a general nature to have uniform application throughout the state, and no special law shall be enacted in any case for which provision has been made by an existing general law. The 1975 Act based on population has no logical basis with reference to the population classification made. The trial court erred in upholding the constitutionality of the Act and in failing to grant appellants' motion to dismiss.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED FEBRUARY 20, 1979 — DECIDED APRIL 5, 1979.

*Hull, Towill, Norman, Barrett & Johnson, Patrick J. Rice,* for appellants.
*Robert C. Daniel, Jr.,* for appellee.