## 38059. CHATHAM COUNTY v. KILEY et al.

CLARKE, Justice.

The filing of an interpleader by the Chatham County Tax Commissioner raises the issue of whether Chatham County is entitled to a percentage of the past due school taxes collected by the Tax Commissioner in 1980 and 1981. Although this issue seems forthright and facially simple, its simplicity is only skin deep. The complexities of the case arise from the interplay and possible contradictions of six acts of the legislature and three constitutional provisions. In order to resolve the controversy litigated, it is necessary to give some attention to each of these.

The general law under a 1946 amendment to Code Ann. § 32-1106 granted to the counties the right to receive 2-1/2% of all unpaid county school taxes collected by the tax collector or tax commissioner when such officer was not on a salary. Ga. L. 1946, p. 211. In 1955, the legislature enacted a local act relating only to Chatham County which provided that no charge would be made against the Board of Education for the collection of school taxes. Ga. L. 1955, p. 2210. In 1978, the legislature adopted the Georgia Public Revenue Code, which included a provision virtually identical to the 1946 act authorizing the payment to the county of the 2-1/2% commission. Code Ann. § 91A-1705. In 1980, § 91A-1705 was amended by adding a subsection (b) which set the fee at 1% rather than 2-1/2% in all counties with populations of not less than 190,000 nor more than 300,000 according to the census. This amendment was to become effective January 1, 1981, while the Public Revenue Code was effective January 1, 1980.

1. The first question is whether the collection of delinquent school taxes in Chatham County during 1980 was under the provisions of the 1955 local act or § 91A-1705 (a). The trial court held that the local act controls and that the county is entitled to no fee for

the collection of school tax during 1980. We agree.

We recognize the principle that when there is a conflict between a special act and a general act, the general act must prevail. This proposition has its genesis in the Constitution of Georgia which prohibits special laws on subjects for which provision has been made by an existing general law. Art. I, Sec. II, Par. VII of the Constitution of Georgia of 1976, Code Ann. § 2-207. Nevertheless, this court has already decided that the 1955 local act was not repügnant to the former general act dealing with collection of past due school taxes. *Coleman v. Kiley,* 236 Ga. 751 (225 SE2d 273) (1976). In so holding, the court relied on two sections of the Georgia Constitution, Art. IX, Sec. I, Par. VI, Code Ann. § 2-5806 and Art. IX, Sec. I, Par. X, Code Ann. § 2-5809 of the Constitution of 1976. As enacted in 1978, the general law, § 91A-1705, was simply a part of a recodification of the revenue law and was enacted without substantive change. Under these circumstances, we hold that the Board of Education is entitled to rely upon our holding in *Coleman v. Kiley,* supra, and that no commissions or fees should be paid to the county governing authority for the year 1980.

2. The next question to be considered is whether Code Ann. § 91A-1705 (b) prevails over the 1955 local act and, if so, when it becomes effective as to Chatham County. The trial court made note of a curious sequence of legislative enactments and held that the 1% collection charge could be imposed for the period January 1, 1981, through April 8, 1981, and reimposed on July 1, 1982.

Turning first to the applicability of Code Ann. § 91A-1705 (b) to Chatham County, we view the subsection as a general act with limited application. In applying its provisions to all of those counties within the population bracket recited, the legislature obviously meant it to apply to all counties having a population between 190,000 and 300,000. Any local act which attempts to escape the provisions of so specific a general act must be held to be repugnant to the general act. We therefore hold that once Chatham County's population reached 190,000, it was subject to the provisions of § 91A-1705 (b).[1]

3. The next issue to be resolved is just when Chatham County falls under the mandate of the act. The trial court found that the population of Chatham County according to the 1970 census was less than 190,000 and that its population according to the 1980 census was more than 190,000. Section 91A-1705 (b) had an effective date of

---

[1] The rationality and thus the constitutionality of the population bracket has not been raised. Therefore, this issue will not be treated.

January 1, 1981. At that time, the effective date of the United States Census ". . . for the purpose of making operative and of force any statutory law of Georgia . . ." was December 31 of the year in which a decennial census is conducted. Code Ann. § 102-103. This statute was amended in 1981 (Ga. L. 1981, p. 951) to provide that "[T]he effective date of the census shall be July 1 of the second year after the year in which the census is conducted for the purpose of making operative and of force all other statutory laws which do not expressly provide otherwise." Code Ann. § 102-103 (3). The effective date of this amendment was April 9, 1981. We must now decide what effect, if any, this amendment has on triggering the county's entitlement to the 1% collection fee.

At the time § 91A-1705 (b) became effective generally (January 1, 1981), § 102-103 made it effective in Chatham County immediately. The amendment to § 102-103 became effective more than three months after Chatham County had fallen under § 91A-1705 (b) according to the former law. It is impossible to construe the language of the amendment as requiring the lifting or repealing of effectiveness which has already occurred. The amendment is couched in terms which deal with future events and therefore we must hold that since the authority to withhold the 1% collection fee became effective in Chatham County on January 1, 1981, it continues to be effective until repealed by general law.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 2, 1982.

*Dillard & Wolfe, George P. Dillard,* for appellant.
*Jay S. Ricketts,* amicus curiae.
*Lee & Clark, Edward H. Lee, Pierce, Ranitz, Mahoney, Forbes & Coolidge, John F. M. Ranitz, Jr.,* for appellees.