## 38586. BOARD OF COMMISSIONERS OF CLAYTON COUNTY v. CLAYTON COUNTY SCHOOL DISTRICT et al.

HILL, Chief Justice.

This case involves the constitutionality of a population act, specifically the constitutionality of the statutory scheme allowing county tax commissioners to retain either 1% or 2 1/2% of the school taxes collected by them as reimbursement for collecting school taxes. The Code section at issue here is Code Ann. § 91A-1370 (d) allowing counties with a population of not less than 90,000 and not more than 140,000 persons to retain 1% of the school taxes collected. The question is whether the Code section cited above is unconstitutional as a special law in conflict with the general law under 1976 Ga. Const., Art. I, Sec. II, Par. VII; Code Ann. § 2-207.

The general law allowing county tax commissioners to retain 2 1/2% for collecting school taxes is Code Ann. § 91A-1705 (a).[1] The law attacked here as being a special law in conflict with the general law, Code Ann. § 91A-1370 (d), provides: "In all counties of this State having a population of not less than 90,000 or more than 140,000,

---

[1] "The tax commissioner or tax collector shall continue to collect unpaid county school taxes and all county school taxes levied pursuant to Article VIII, Section VII, Paragraph I of the Constitution [§ 2-5501] and shall be entitled to *a commission of two and one-half per cent* for collecting the taxes. . . . In those counties where the tax collector or tax commissioner is on a salary basis, the fees provided for in this section shall be collected by him and paid over to the proper governing authority of the county." (Emphasis supplied.) Code Ann. § 91A-1705 (a).

according to the census, the tax commissioner or tax collector shall remit all education funds collected by him to the board of education in the county except one percent of the funds collected which shall be retained by the tax commissioner or tax collector if he is on a fee basis or remitted to the governing authority of the county if he is on a salary basis." Art. I, Sec. II, Par. VII (Code Ann. § 2-207) of the 1976 Constitution provides: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. . . ."

Prior to August, 1981, the Clayton County tax commissioner, operating under Code Ann. § 91A-1370 (d), had retained only 1% of the school taxes collected. In August, 1981, the tax commissioner commenced retaining the 2 1/2% authorized by the general law because, according to the 1980 census, Clayton County passed out of the population bracket encompassed in Code Ann. § 91A-1370 (d).[2] The Clayton County School District brought mandamus to require the Clayton County Board of Commissioners and the tax commissioner to turn over the extra 1 1/2% of the school taxes retained by the tax commissioner after August, 1981. The school district maintained that for the tax commissioner to retain the larger amount under the general law was an unconstitutional expenditure of school funds under 1976 Ga. Const., Art. VIII, Sec. VII, Par. I (Code Ann. § 2-5501), because it more than compensated the tax commissioner for her expenses in collecting the school tax.[3] The tax commissioner and the Board of Commissioners urged that the 1% commission authorized by the population statute was repealed by the 1978 tax revision and was unconstitutional as a special law in conflict with a general law.[4]

The trial court held that by retaining only 1% the tax commissioner was adequately compensated for her expenses in collecting the school tax, and concluded that the population statute was not unconstitutional. Furthermore, it held that under Code Ann.

---

[2] This court takes judicial notice of the official decennial census. *In re Knight,* 232 Ga. 721 (2) (208 SE2d 820) (1974).

[3] Although this issue is not before us on this appeal, in this connection see *Clayton County v. Worsham,* 239 Ga. 135 (236 SE2d 80) (1977), where we upheld 1% as the cost of collecting school taxes as "necessary and incidental" to the support and maintenance of public schools.

[4] This issue apparently was raised by the trial court, but was addressed by the parties in briefs and was ruled upon by the trial court. Thus it is properly before us. Otherwise the issue would be res judicata as between the parties, yet not subject to review by this court.

§ 102-103, making the 1980 census applicable only after July 1, 1982, the tax commissioner was authorized until that date to retain only 1% as compensation.[5] The tax commissioner and board of commissioners appeal.

The law applicable to the constitutionality of population statutes was most recently set out in *Strickland v. Richmond County*, 243 Ga. 462, 463-64 (254 SE2d 844) (1979): " 'This court has repeatedly held that the legislature may classify for purposes of legislation, but the basis of classification must have some reasonable relation to the subject matter of the law, and must furnish a legitimate ground of differentiation, as the Constitution does not permit mere arbitrary discrimination. *Stewart v. Anderson*, 140 Ga. 31, 33 (78 SE 457).' *Dougherty County v. Bush*, 227 Ga. 137, 138 (179 SE2d 343) (1971). . . . A classification is valid if it relates to the subject matter of the legislation and is not unreasonable or arbitrary. *Comms. of Fulton County v. Davis*, 213 Ga. 792 (102 SE2d 180) (1958) and cits." Accord, *City of Atlanta v. Gower*, 216 Ga. 368 (116 SE2d 738) (1960); *Walden v. Owens*, 211 Ga. 884 (89 SE2d 492) (1955); *Southern R. Co. v. Harrison*, 172 Ga. 465 (157 SE 462) (1930). As noted in another context in *Stewart v. Anderson*, 140 Ga. 31, 33 (78 SE 457) (1913), "The legislature could not constitutionally classify one county by itself."

From the foregoing authorities, we find as follows: Although the legislature may classify by population for purposes of legislation, classification on the basis of population must have some reasonable relation to the subject matter of the law and population must furnish a legitimate ground for differentiation. See *Dougherty County v. Bush*, quoted above. A population statute applicable only to one county is suspect as being a special law, particularly where there are other counties with populations less than and greater than the population bracketed county. Although legislation is presumed to be constitutional, upon proof that a population statute is applicable to only one county and that there are other counties with smaller and larger populations, a presumption arises that the population statute is a special law. If the population statute is contrary to a general law, then the burden of proving that the population classification has a reasonable relation to the subject matter of the law and that

---

[5] In this connection, see *Chatham County v. Kiley*, 249 Ga. 110 (288 SE2d 551) (1982), decided after the trial court's decision in this case. *Kiley*, supra, where the issue in the present case was not raised (see *Kiley*, fn. 1), is but one example of the confusion created by population acts in general and in the school tax area in particular.

population furnishes a legitimate ground for differentiation is upon the party who seeks to uphold the validity of the special laws.

The statutory scheme applicable to the retention of compensation by the tax commissioner for the collection of school taxes is as follows:

| Population | Retention |
| --- | --- |
| 0 — 90,000 | 2 1/2% under Code Ann. § 91A-1705 (a) |
| 90,000 — 140,000 | 1% under Code Ann. § 91A-1370 (d) |
| 140,000 — 190,000 | 2 1/2% under Code Ann. § 91A-1705 (a)[6] |
| 190,000 — 300,000 | 1% under Code Ann. § 91A-1705 (b) |
| 300,000 and up | 2 1/2% under Code Ann. § 91A-1705 (a)[7] |

Prior to the 1980 census, the population bracket 90,000 to 140,000 was applicable to Clayton County and the population bracket 190,000 to 300,000 was applicable to Cobb County. Bibb, Richmond, Muscogee and Chatham counties came between these two brackets. According to the 1980 census, Dougherty County replaced Clayton County in the lower bracket and Chatham County joined Cobb in the upper bracket.

There can be no rational relationship, and none has been urged, between the population bracket established and the amount retainable by the tax commissioner of Clayton County under the foregoing scheme. Thus the population statute at issue in this case, Code Ann. § 91A-1370 (d), is unconstitutional. The trial court erred in limiting the tax commissioner of Clayton County to retaining 1% of the school taxes collected.[8]

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 22, 1982.

---

[6] In addition, in counties with populations between 145,000 and 165,000, the tax commissioner is to retain 2 1/2%. Code Ann. § 91A-1328 (a) (12).

[7] Additional brackets were added in 1982. See Ga. L. 1982, pp. 996, 998, and pp. 1853, 1854.

[8] After the foregoing opinion was considered by the court but before the formal vote thereon was taken, appellant's counsel filed notice of withdrawal of the appeal due to settlement. Without invalidating such settlement, the court has determined that the opinion should be issued for the benefit of lawyers and judges considering the validity of population acts.

*Glaze & McNally,* Kirby A. Glaze, Steven M. Fincher, for appellant.

*Don Comer, Larry A. Foster,* for appellees.