41138, 41143. REGENCY CLUB et al. v. STUCKEY et al.;
and vice versa.
41139, 41142. CITY OF DUBLIN v. STUCKEY et al.;
and vice versa.
41140. LAURENS COUNTY v. STUCKEY et al.
(324 SE2d 166)

BELL, Justice.

These cases concern the constitutionality of OCGA § 3-7-43. Resident taxpayers of the City of Dublin and Laurens County filed suit to temporarily and permanently enjoin Laurens County, Dublin, and

the State Revenue Commissioner from issuing alcoholic beverage licenses to certain private clubs located in the city and county, and to enjoin those clubs from "pouring" alcoholic beverages. The complaint alleged that OCGA § 3-7-43, pursuant to which the city and county were issuing alcoholic beverage licenses to the private clubs, and which permitted them to do so without having previously obtained voter approval, was an unconstitutional special law, and that neither the governing authorities nor the commissioner could license the sale of alcoholic beverages by the defendant private clubs because no election approving such action had been held as required by the general laws of OCGA § 3-7-41 or § 3-7-42.

The complaint was filed on November 15, 1983, and on that same day a rule nisi setting a hearing for December 14, 1983 was issued. After the hearing the trial court held OCGA § 3-7-43 unconstitutional as being a special law contrary to the general laws of the state requiring voter approval before alcoholic beverage licenses to private clubs could be issued. The court also held null licenses which had been issued pursuant to the statute, and temporarily enjoined the city, the county, and the commissioner from issuing any further licenses. The court, however, refused to enjoin the private clubs from selling alcoholic beverages. It further noted that it would address the issue of permanent injunctive relief at a later date. The city, county, and private clubs have appealed certain parts of the trial court's ruling in case nos. 41138, 41139, and 41140, and in case nos. 41142 and 41143 the resident taxpayers have appealed that part of the court's order refusing to enjoin the private clubs.

### Case Nos. 41138, 41139, 41140

1. The appellants assert that the trial court erred in finding OCGA § 3-7-43 unconstitutional.

We disagree. The 1983 Ga. Const., Art. III, Sec. VI, Par. IV (a), provides that "[l]aws of a general nature shall have uniform operation throughout this state and no local or special law shall be enacted in any case for which provision has been made by an existing general law . . . ." The issue here is whether OCGA § 3-7-43 is unconstitutional as a special law in conflict with an existing general law.

The general laws of this state provide that local governing authorities and the State Revenue Commissioner can only issue licenses to private clubs authorizing the sale of alcoholic beverages after a local election approving that activity has been held. OCGA §§ 3-7-20, 3-7-41, 3-7-42. On the other hand, OCGA § 3-7-43 permits the governing authority of any county having a population between 36,800 and 36,990 according to the decennial census of 1980, and the governing authority of each municipality within such county, to issue,

without approval by the voters, alcoholic beverage licenses to private clubs. Before its 1982 amendment, OCGA § 3-7-43 granted this authority to counties with populations between 32,500 and 32,800 according to the 1970 decennial census.

We recently addressed the issue of the constitutionality of population statutes in *Board of Commrs. of Clayton County v. Clayton County School District*, 250 Ga. 244, 246 (297 SE2d 724) (1982). We held that "[a]lthough the legislature may classify by population for purposes of legislation, classification on the basis of population must have some reasonable relation to the subject matter of the law and population must furnish a legitimate ground for differentiation. [Cit.] A population statute applicable only to one county is suspect as being a special law, particularly where there are other counties with populations less than and greater than the population bracketed county. Although legislation is presumed to be constitutional, upon proof that a population statute is applicable to only one county and that there are other counties with smaller and larger populations, a presumption arises that the population statute is a special law. If the population statute is contrary to a general law, then the burden of proving that the population classification has a reasonable relation to the subject matter of the law and that population furnishes a legitimate ground for differentiation is upon the party who seeks to uphold the validity of the special laws."

According to the 1970 decennial census only Laurens County fell within the population bracket established by OCGA § 3-7-43.[1] The same holds true under the 1980 decennial census, with twenty-three Georgia counties having a population greater than 36,990, including Catoosa County with a population of 36,991, and with one hundred and thirty-five Georgia counties having a population less than 36,800, including Rockdale County with a population of 36,747. Thus, all other counties besides Laurens fall outside the population bracket of 36,800 and 36,990, and their governing authorities must seek voter approval in order to obtain the authority to issue alcoholic beverage licenses to private clubs.

We find that "[t]here can be no rational relationship . . . between the population bracket established [by OCGA § 3-7-43]," *Board of Commrs. of Clayton County v. Clayton County School District*, supra, 250 Ga. at 247, and the right to vote on whether a local governing authority can issue alcoholic beverage licenses to private clubs. Thus, the trial court correctly held OCGA § 3-7-43 unconstitutional.

---

[1] This court takes judicial notice of the official decennial census. *Board of Commrs. of Clayton County v. Clayton County School District*, 250 Ga. 244, fn. 2 (297 SE2d 724) (1982).

2. The appellants argue that the trial court erred in requiring them in the November 15, 1983 rule nisi order to file defensive pleadings at least five days before the December 14, 1983 hearing. They contend that such an order violated their right under OCGA § 9-11-12 (a) to 30 days within which to file their responsive pleadings. They, however, did not object to this order in the trial court, and therefore may not raise this objection on appeal. *Borenstein v. Blumenfeld*, 250 Ga. 606 (2) (3) (299 SE2d 727) (1983).

3. The appellants also argue that the sole issue which they had notice would be decided at the December 14, 1983 hearing was whether a temporary injunction should issue against them, and that the trial court therefore erred in deciding the constitutionality of OCGA § 3-7-43 following that hearing.

We disagree. OCGA § 9-11-65 (a) (2) provides that "after the commencement" of an interlocutory injunction hearing the trial court may consolidate the decision on the merits of the action with the hearing on the application for an interlocutory injunction. See *Wilkerson v. Chattahoochee Parks, Inc.*, 244 Ga. 472 (2) (260 SE2d 867) (1979); *Kirk v. Hasty*, 239 Ga. 362 (6) (236 SE2d 667) (1977). "However, this power must be tempered by the due process principle that fair notice and an opportunity to be heard must be given the litigants before the disposition of a case on the merits." Wright & Miller, Federal Practice and Procedure: Vol. 11, § 2950, p. 486 (1973).

Here, at the beginning of the December 14, 1983 hearing the trial court stated several times that the first issue that it would resolve was the constitutionality of OCGA § 3-7-43, the merits of the appellees' action. Considering the essentially legal nature of this suit, and because the appellants were given ample opportunity to present evidence at the hearing and to brief the constitutional issue following the hearing, we find that no prejudice accrued to the appellants from the court's decision to advance its decision on the merits of the action. We therefore hold that the appellants were provided a full and fair hearing on the issue of the constitutionality of OCGA § 3-7-43, and that the court did not abuse its discretion in deciding the merits of that issue.[2] See Drummond v. Fulton County Dept. of Family &c. Services, 563 F2d 1200 (1) (5th Cir. 1977); *Wilkerson v. Chattahoochee Parks, Inc.*, supra, 244 Ga. at 473.

4. The trial court only granted temporary injunctive relief against

---

[2] Although no due process problem is presented by the instant case, we suggest that the best practice to insure that the parties are given a fair opportunity to be heard is for the trial court to inform the parties, preferably in advance of the interlocutory hearing, or at least at a point during the hearing which will afford the parties a full opportunity to present their respective cases, that the decision of the merits of the suit or a portion thereof will be or is being consolidated with the interlocutory hearing pursuant to OCGA § 9-11-65 (a) (2).

the city and county. However, since we hold that the court ruled correctly in favor of the appellees on the merits, there is no reason to withhold the permanent injunctive relief requested by the appellees. On remand the trial court is directed to enter an order granting that relief. See Wright & Miller, Federal Practice and Procedure: Vol. 11, § 2962, p. 612 (1973); *Kirk v. Hasty,* supra, 239 Ga. at 365.

### Case Nos. 41142 and 41143

5. In these cases the plaintiffs-appellants complain only that the trial court erred in refusing to enjoin the private clubs from "pouring" alcoholic beverages on their premises. The trial court refused to do so on the ground that criminal charges could be brought against the private clubs to prevent them from "pouring" alcoholic beverages. We agree that the trial court erred. "[U]nder the facts of this case the legal remedy of taking warrants for violations of the criminal laws . . . would not afford 'the full relief to which the facts and circumstances entitle' [the appellants], *Chadwick v. Dolinoff,* 207 Ga. 702 (2) (64 SE2d 76) (1951); and would not be 'as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity,' *Davis v. Logan,* 206 Ga. 524 (4) (57 SE2d 568) (1950)." *Cawthon v. Douglas County,* 248 Ga. 760 (2) (286 SE2d 30) (1982).

As has been previously stated in the fourth division of this opinion, no reason exists for delaying the issuance of permanent injunctive relief. On remand the trial court is therefore directed to enter permanent injunctive relief against the private clubs.

*Judgment affirmed in case nos. 41138, 41139, and 41140, with direction. All the Justices concur, except Smith, J., not participating. Judgment reversed in case nos. 41142 and 41143, with direction. All the Justices concur, except Smith, J., not participating.*

DECIDED NOVEMBER 16, 1984 —
REHEARING DENIED DECEMBER 4, 1984.

*Judson Leon Green III, Fred B. Kitchens, Jr.,* for appellants (case nos. 41138, 41140, 41143).

*James V. Hilburn,* for appellant (case nos. 41139, 41142).

*Will Ed Smith,* for appellees.