S00A0144. KIM et al. v. STATE OF GEORGIA.
(528 SE2d 798)

FLETCHER, Presiding Justice.

The State of Georgia filed a petition to abate a nuisance and for injunctive relief against Myung Kim as the owner and operator of the Hong Kong Spa. She contends that the trial court erred in consolidating the interlocutory and final hearing for injunctive relief. Because the trial court did not abuse its discretion in advancing the trial on the merits and consolidating it with the hearing on the interlocutory injunction, we affirm.

The district attorney filed the petition in April 1999 against Kim, the owner of the property where the spa was located, and the premises, alleging that the Hong Kong Spa was used for unlawful sexual purposes and thus constituted a public nuisance under OCGA § 41-3-1. The property owner moved to add Jun Kim and Sonia Scheibe as necessary parties and filed a cross-claim against them for breach of the lease agreement. A hearing for an interlocutory injunction was held on May 10, but was continued until Scheibe could be served. After she was served by publication, a hearing was held on August 9. At that hearing, the state moved to consolidate the hearing for an interlocutory injunction with the final hearing on the merits. The Kims opposed consolidation on the grounds that they were entitled to a jury trial on the nuisance claim; they contended that an action under § 41-3-1 was an action of law, unlike the injunction claim. Concluding that they were not entitled to a jury trial on the nuisance claim, the trial court ruled that it would advance the trial on the merits and consolidate it with the hearing on the interlocutory injunction, but severed the contract claim because the parties were entitled to a jury trial on that cross-claim.

At the bench trial, the state presented twelve witnesses in support of its claim that the spa was a public nuisance; defense counsel cross-examined every witness and both of the Kims testified. The trial court found that the Hong Kong Spa was used for the purpose of lewdness, prostitution, sodomy, and masturbation for hire. Therefore, it declared the business a nuisance as defined under OCGA § 41-3-1, permanently enjoined the Kims from operating the business, and entered an order of abatement. The Kims appeal.

OCGA § 9-11-65 on injunctions provides for the consolidation of a hearing for an interlocutory injunction with the trial on the merits.

> Before or after the commencement of the hearing of an application for an interlocutory injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. . . . This paragraph shall be construed and applied so as to save any rights of the parties which they may have to trial by jury.[1]

We have interpreted this provision as permitting consolidation so long as it does not abrogate any party's right to trial by jury and no issues of facts remain unresolved after the hearing.[2] In addition, the trial court's discretion to consolidate is " 'tempered by the due process principle that fair notice and an opportunity to be heard must be given the litigants before the disposition of a case on the merits.' "[3] We have found that this right to due process is met when the parties agree to consolidation or at least do not object,[4] but acquiescence is not the sole way to determine that parties have been afforded due process.[5]

In this case, the trial court did not abrogate any right of the Kims to a trial by jury. Although the Kims opposed consolidation because they believed that they were entitled to a jury trial, their objection did not have merit. This Court held in *Cawthon v. Douglas County*[6] that parties are not entitled to a jury trial at a hearing for a permanent injunction in a nuisance action. Tracing the right to a jury trial, we concluded in that case that there is neither a constitutional right to trial by jury in equity cases nor a statutory right under the Georgia Civil Practice Act.[7]

Moreover, the Kims had both fair notice and an opportunity to be heard before the trial court entered its final judgment. The Kims learned at the first hearing in May that the state would seek consolidation, and the trial court informed them at the beginning of the

---

[1] OCGA § 9-11-65 (a) (2).

[2] See *20/20 Vision Center v. Hudgens*, 256 Ga. 129, 132 n. 2 (345 SE2d 330) (1986).

[3] *Regency Club v. Stuckey*, 253 Ga. 583, 586 (324 SE2d 166) (1984) (quoting 11 Wright & Miller, Federal Practice and Procedure § 2950 (1973); see, e.g., *Williams v. Tritt*, 262 Ga. 173, 175 (415 SE2d 285) (1992) (trial court lacked authority to grant any equitable relief other than an accounting without giving notice to parties and an opportunity to present further evidence on disputed issues of fact).

[4] See *Dortch v. Atlanta Journal*, 261 Ga. 350 (405 SE2d 43) (1991) ("where there is notice of an interlocutory hearing, a trial court may reach a final determination of the issues if the parties do not object or have acquiesced"); *Gwinnett County v. Vaccaro*, 259 Ga. 61 (376 SE2d 680) (1989) (same).

[5] See *Regency*, 253 Ga. at 586 & n. 2 (trial court did not abuse its discretion in deciding the constitutionality of state statute after a hearing for an interlocutory injunction when it stated several times that it would first resolve the statute's constitutionality, parties given opportunity to present evidence, and parties submitted briefs on issue).

[6] 248 Ga. 760 (286 SE2d 30) (1982).

[7] Id. at 762-764.

August hearing that it was consolidating the preliminary and final hearings. The state's petition notified the defendants of the claims against them, listing specific instances in which spa employees had engaged in unlawful sexual conduct. Four months elapsed between the first and second hearings, thus giving the defendants ample time to prepare their case. Finally, the trial court conducted a full evidentiary hearing in August at which the Kims testified, denying that their business was a nuisance or that they knew of any illegal activities. Since the defendants were not entitled to a jury trial on the nuisance claim, they had notice of the issues to be tried, and they had sufficient opportunity to present evidence on those issues at the final hearing, we conclude that the court did not abuse its discretion in combining the hearing for an interlocutory injunction with the final trial on the merits.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 1, 2000.

*Coppedge, Leman & Ward, Warren N. Coppedge, Jr., Daniels & Rothman, Jeffery A. Rothman,* for appellants.

*Herbert E. Franklin, Jr., District Attorney, Leonard C. Gregor, Jr., Assistant District Attorney,* for appellee.