**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely**
**filed.**
**https://www.gaappeals.us/rules**

**June 27, 2025**

# In the Court of Appeals of Georgia

A25A0320. FAABORG v. COLUMBIA COUNTY.

DOYLE, Presiding Judge.

Columbia County filed a complaint in rem against property owned by John Faaborg, alleging that the property was a nuisance structure unfit for human habitation and an endangerment to public health and safety. After convening a hearing, the trial court entered an order enjoining Faaborg to bring the property into compliance within 60 days, among other things. Proceeding pro se, Faaborg appeals from this order, contending that the trial court erred by (1) denying his request for a jury trial, (2) failing to keep a complete record of the proceedings, and (3) ordering him to remove inoperable vehicles from the property. For the reasons that follow, we affirm.

"On appeal from the grant of a permanent injunction, the standard of review

is whether or not the trial court manifestly abused its discretion."[1] To the extent this appeal requires us to answer questions of law, a de novo standard of review applies.[2]

So viewed, the record reflects that in 2018, a downed power line brought Columbia County Fire Rescue ("CCFR") to property owned by Faaborg in Columbia County. CCFR attempted to make contact with Faaborg at his residence but were unable to access the residence due to debris blocking the driveway. CCFR eventually made contact with Faaborg by phone. CCFR noted that the condition of the residence was very poor and indicative of a "hoarder situation." CCFR reported its concerns to Columbia County that debris on the property prevented access to the residence and that, in the event of an emergency, first responders would be unable to assist Faaborg.

Faaborg's property had a history of code violations related to sanitation and health hazards as well as Faaborg's failure to bring the property into compliance with the applicable County ordinances. In March 2024, Columbia County condemned Faaborg's property, deeming it unsafe for occupancy, and Faaborg failed to timely appeal the condemnation.

---

[1] *Attaway v. Republic Svcs. of Ga., LLP*, 253 Ga. App. 322 (558 SE2d 846) (2002).

[2] See *TranSouth Financial Corp. v. Rooks*, 269 Ga. App. 321, 323 (1) (604 SE2d 562) (2004) ("On appeal, this Court considers questions of law de novo.").

In May 2024, Columbia County filed a verified complaint in rem for nuisance abatement against Faaborg's property, alleging that the property was a nuisance structure that was unfit for human habitation and constituted an endangerment to public health and safety as a result of unsafe and unsanitary conditions on the property. Faaborg answered the complaint and requested a jury trial.[3]

In July 2024, the trial court held a hearing on the matter, at which Faaborg appeared and was allowed to submit evidence and argument. Columbia County presented photographic evidence at the hearing showing that Faaborg's property was littered with debris, solid waste, and inoperable vehicles. Evidence was also submitted by Columbia County at the hearing indicating that the debris on the property hindered emergency personnel from accessing the residence in the event of an emergency.

Following the hearing, the trial court entered an order requiring Faaborg to bring the property into compliance within 60 days and providing that, if the property was not brought into compliance by this deadline, Columbia County would be able to remove the debris from the property and tax the costs of cleaning up the property against Faaborg pursuant to OCGA § 41-2-9. The order also provided that Columbia County would be allowed to inspect the interior of the property 14 days after the

---

[3] Faaborg was not represented by counsel in the trial court proceedings.

hearing to document any further code violations and safety concerns. The order provided that Columbia County could seek further orders from the court to (1) bar Faaborg from the property if he did not remove the debris from the exterior of his property within 60 days; and (2) readdress the structural integrity of the residence following the County's inspection of the interior of the property. This appeal followed.

*Jurisdictional Issues*

Columbia County filed a motion to dismiss Faaborg's appeal, arguing that the appeal was untimely, that Faaborg had failed to follow the correct procedure on appeal, and that Faaborg's initial brief was untimely. Because Faaborg's appeal and initial brief were both timely filed, we denied the motion to dismiss; however, we did not reach the issue of whether Faaborg had followed the correct procedure on appeal.

Before reaching the merits of an appeal, "[i]t is our duty to inquire . . . into the issue of this Court's jurisdiction."[4] "Where the notice of appeal specifies that the appeal is taken from an order which is not appealable and where the appeal is in fact

---

[4] (Punctuation omitted.) *Luster v. Bank of America, N.A.*, 331 Ga. App. 510, 511 (769 SE2d 394) (2015).

taken from such an order, the appeal is subject to dismissal."[5] "The appealability of an order is determined . . . by its substance and effect."[6]

Here, the order from which Faaborg appeals is not a final judgment. Although not dispositive, we note that the order is not styled as a final order, but rather an order in regard to Faaborg's property. Critically, the order contemplates future action taken by both parties as well as future orders potentially entered in the underlying action by the trial court. Thus, the trial court's order is not a final judgment pursuant to OCGA § 5-6-34 (a) (1).

Nevertheless, OCGA § 5-6-34 (a) (4) provides that direct appeals may be taken from "[a]ll judgments or orders granting . . . interlocutory or final injunctions." Although neither party addresses the injunctive nature of the order from which Faaborg appeals, the substance and effect of this order is to enjoin Faaborg to perform specified acts — namely, removing debris and inoperable vehicles from his property.[7]

---

[5] (Punctuation omitted.) *Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 622 (1) (a) (639 SE2d 570) (2006), disapproved of on other grounds by *Song v. eGPS Solutions I, Inc.*, 371 Ga. App. 357, 358, n. 1, 363 (1), n. 7 (899 SE2d 530) (2024). See also Court of Appeals Rule 33.3.

[6] *First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 282 Ga. 883, 885 (655 SE2d 605) (2008).

[7] See *Burton v. Glynn County*, 297 Ga. 544, 550 (4) (776 SE2d 179) (2015) ("An injunction . . . imposes an affirmative duty on the party enjoined to either perform —

Accordingly, Faaborg's direct appeal was taken from an order granting an injunction pursuant to OCGA § 5-6-34 (1) (4), and we have jurisdiction to entertain the merits of his appeal.

1. Faaborg first contends that the trial court erred by denying his request for a jury trial. We disagree.

Columbia County's complaint was filed pursuant to OCGA § 41-2-1 et seq. OCGA § 41-2-9 (a) (3) pertinently provides that if

> any dwelling, building, structure, or property is unfit for human habitation or for commercial, industrial, or business use and not in compliance with applicable codes; . . . or constitutes an endangerment to the public health or safety as a result of unsanitary or unsafe conditions, the public officer may issue a complaint in rem against the lot, tract, or parcel of real property on which such dwelling, building, or structure is situated or where such public health hazard or general nuisance exists and shall cause summons and a copy of the complaint to be served on the interested parties for such dwelling, building, or structure. The complaint shall identify the subject real property by appropriate street address and official tax map reference; identify the interested parties; state with particularity the factual basis for the action; and contain a statement of the action sought by the public officer to abate the alleged

---

or refrain from performing — a specified act."), citing *Adams v. Madison County Planning & Zoning*, 271 Ga. App. 333, 334 (1) (609 SE2d 681) (2005) (holding that an order requiring property owners to remove paving equipment from their property was injunctive in nature).

6

nuisance. The summons shall notify the interested parties that a hearing will be held before a court of competent jurisdiction as determined by Code Section 41-2-5, at a date and time certain and at a place within the county or municipality where the property is located. Such hearing shall be held not less than 15 days nor more than 45 days after the filing of said complaint in the proper court. The interested parties shall have the right to file an answer to the complaint and to appear in person or by attorney and offer testimony at the time and place fixed for hearing[.]

OCGA § 41-2-9 (a) (4) (A) further provides that

if, after such notice and a hearing, the court determines that the dwelling, building, or structure in question is unfit for human habitation . . . or constitutes an endangerment to the public health or safety as a result of unsanitary or unsafe conditions, the court shall state in writing findings of fact in support of such determination and shall issue and cause to be served upon the interested parties that have answered the complaint or appeared at the hearing an order . . . to repair, alter, or improve such dwelling, building, or structure so as to bring it into full compliance with the applicable codes relevant to the cited violation[.]

OCGA § 41-2-9 (a) (4) (B) provides that if such repairs, alterations, or improvements cannot be reasonably accomplished, the trial court is authorized to issue an order "requiring the owner, within the time specified in the order, to demolish and remove such dwelling, building, or structure and all debris from the property."

Here, the trial court observed the requirements of OCGA § 41-2-1 et seq.,

which did not include the right to a jury trial. After Faaborg received notice of the action, he answered the complaint, and a hearing was held at which Faaborg, proceeding pro se, was allowed to present argument and evidence.

Nothing in the applicable Code Sections provides for a jury to address these matters, and Faaborg cites no authority indicating otherwise. Faaborg argues that OCGA § 9-11-38[8] guarantees him the constitutional and statutory right to a jury trial. But given the lack of a statutory right to a jury trial appearing in OCGA § 41-2-1 et seq., the equitable nature of the case, and the injunctive relief afforded by the order appealed from, this argument fails.[9] Accordingly, this enumeration is without merit.

2. Faaborg next contends that the trial court erred by failing to keep a complete record of the proceedings. We disagree.

---

[8] That Code section provides: "The right of trial by jury as declared by the Constitution of the state or as given by a statute of the state shall be preserved to the parties inviolate."

[9] See *Kim v. State*, 272 Ga. 343, 344 (528 SE2d 798) (2000) ("[T]here is neither a constitutional right to a trial by jury in equity cases nor a statutory right under the Georgia Civil Practice Act."), citing *Cawthon v. Douglas County*, 248 Ga. 760, 762 (1) (286 SE2d 30) (1982) (holding that the defendant was not entitled to a jury trial at a hearing for an injunction in a nuisance action and stating that "there is no right of trial by jury in an equity case") (punctuation omitted). See also *Turner Advertising Co. v. Garcia*, 251 Ga. 46, 49 (4) (302 SE2d 547) (1983) ("[T]here is no right to a jury in a suit for injunction[.]").

At the hearing, Faaborg had photographs of his property on his cell phone that he asked the trial court to consider. The trial court did so. Because Faaborg did not have printouts of the photographs at issue to submit into evidence, the trial court reviewed the photographs on Faaborg's cell phone from the bench and described each photograph in detail for the record. Faabord did not move to submit these photographs into evidence, nor did he request further preservation for the record. Further, the trial court's descriptions of the photographs sufficiently preserved the record as to these photographs, and Faabord made no objection thereto. All photographs and exhibits properly submitted into evidence at the hearing were otherwise properly put into the record. Accordingly, this enumeration provides no basis for reversal.[10]

3. Finally, Faaborg contends that the trial court erred by ordering him to remove inoperable vehicles from his property. We disagree.

As noted in Division 1, OCGA § 41-2-9 (a) (4) provides that, upon determining that a property is unfit for human habitation or constitutes an endangerment to the public health or safety as a result of unsanitary or unsafe conditions, the trial court is

---

[10] See *Womack v. State*, 223 Ga. App. 82 (1) (476 SE2d 767) (1996) ("Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41") (punctuation omitted).

authorized to enter an order requiring the owner to "repair, alter, or improve" the property in order to bring it into compliance with applicable codes. At the hearing, Columbia County presented evidence supporting the allegation in its complaint that inoperable vehicles on Faaborg's property were situated in such a way as to prevent emergency personnel from safely entering and exiting the property in the event of an emergency.[11] Faaborg presented no evidence at the hearing controverting the evidence submitted by Columbia County. Accordingly, the trial court was authorized to order Faaborg to remove such vehicles from the property.

*Judgment affirmed. Markle and Hodges, JJ., concur.*

---

[11] Although Faaborg did not testify at the hearing, he represented to the trial court that only one of the many vehicles on the property was tagged and insured.