### CADY *v.* JARDINE *et al.*

No. 12066. NOVEMBER 11, 1937.

*T. V. Williams,* for plaintiff.
*Mingledorff & Roberts,* for defendant.

GRICE, Justice. This quo warranto proceeding presents this question: Is section 23 of the act approved March 26, 1937, entitled "An act to create the office of Commissioner of Roads and Revenues in the County of Coffee," etc. (Ga. Laws 1937, p. 1294 et seq.), violative of article 3, section 7, paragraph 8, of the constitution of Georgia, which declares in part that no law shall pass that contains matter different from what is expressed in the title thereof? The section of the act under attack is as follows: "James B. Jardine, of Douglas, Georgia, is hereby named and appointed Commissioner of Roads and Revenues of Coffee County; and Dr. W. L. Hall, of Nicholls, and Arthur Vickers, of Ambrose, are hereby named and appointed advisors to said commissioner; and said commissioner and said two advisors shall take office imme-

diately after the expiration of 10 days next following the passage and approval of this act and on their qualifying as hereinbefore provided." The title to the act is in the following words: "An act to create the office of Commissioner of Roads and Revenues in the County of Coffee; to provide for the election of such commissioner; to define his duties and powers and provide for his compensation; to provide a clerk for said commissioner; to provide for the proper supervision of his accounts and the auditing of his books; to provide for the election of two advisors; to define their duties and powers and to provide for their compensation; and for other purposes."

The origin of the clause in the fundamental law above referred to is well known. *Mayor &c. of Savannah* v. *State*, 4 *Ga*. 26, 38; *Howell* v. *State*, 71 *Ga*. 224, 226 (51 Am. R. 259). It first appeared in our constitution of 1798. Before that time no other State had such a provision. To-day it appears in practically every State constitution. McElreath on the Constitution of Georgia, § 75; 59 C. J. 792. It is distinctly a Georgia contribution to constitutional law. Wherever else it may be found it is but an echo from our own constitution, this particular provision itself being a reverberation from a shock that may be said to have shaken this State from centre to circumference. Under the caption of an act "for the protection and support of its frontier settlements," a measure was smuggled through the legislature disposing of Georgia's western lands, 35,000,000 acres, for $500,000—less than two cents per acre,—a territory out of which a few years later the great States of Alabama and Mississippi were carved. The burning of the records pertaining to the act, on the Capitol grounds at Louisville, is one of the most dramatic incidents in our history, and furnished a scene worthy of the brush of a Raphæl. Out of the rescinding act came the case of *Fletcher* v. Peck, 6 Cranch, 87 (3 L. ed. 162), one of the outstanding landmarks of constitutional law, the first case in which the Supreme Court of the United States exercised the power to declare an act of a State legislature unconstitutional. Though recalling the history of the event that gave it birth, and the evil it sought to prevent, and recognizing the wisdom of the provision, it must nevertheless be given a reasonable interpretation, and applied in the same manner. It was never intended that the substance of the entire act should be set forth in the caption. It

was not contemplated that every detail stated in the body should be mentioned in the caption. If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition. The particular attack on the act here involved is that the title says "to provide for the election of" a commissioner, and gives no hint that in the body of the act a commissioner is named; and that in section 23 the General Assembly names Jardine as the commissioner. But such a criticism of the act overlooks the fact that the very first line of the title is "An act to create the office of commissioner," etc. Any provision in the body which is germane to this general purpose as embraced in the title would not be violative of the constitutional provision. In creating the office, the act named the commissioner to serve temporarily. This was germane to the creation of the office. The criticism also ignores the fact that the act does provide for the election by the people after the terms of those named have expired. The stricture likewise takes no account of the fact that the title, after enumerating many things, among them the election of a county commissioner and three advisors, adds, "and for other purposes." It is well settled that provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purposes for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words "and for other purposes." The decisions in *Banks* v. *State,* 124 *Ga.* 15 (52 S. E. 74, 2 L. R. A. (N. S.) 1007), and cit., *Sasser* v. *State,* 99 *Ga.* 54 (25 S. E. 619), and *Harris* v. *State,* 110 *Ga.* 887 (36 S. E. 232), cited by counsel for the plaintiff do not conflict with what is here ruled.

It was not error to sustain a demurrer to a petition for the writ of quo warranto, the petition being bottomed on the contention that the officers sought to be ousted were holding illegally because named in section 23 of the act above referred to.

*Judgment affirmed. All the Justices concur, except*

JENKINS, Justice, dissenting. While the words in the caption, "to create the office of Commissioner of Roads and Revenues," might ordinarily be taken to authorize the designation of the

commissioner in the body of the act, I do not think that such would be the case where, as here, the terms of the caption *contradict* such a purpose by providing that the act shall "provide for the *election* of" such commissioner.