### 30775. COLEMAN et al. v. KILEY et al.

GUNTER, Justice.

This appeal results from a judgment below in favor of The Board of Public Education for the City of Savannah and the County of Chatham and against the Board of Commissioners of Chatham County.

This dispute arose when the commissioners instructed the tax commissioner to withhold 2 1/2% of all taxes collected for education purposes and pay such 2 1/2% into the county treasury. The board of education instructed the tax commissioner that such amount could not be paid into the county treasury, but that it had to be paid to the board of education. The tax commissioner, being in the middle between these two contesting public entities, set up an escrow account and filed an interpleader action that required the contesting parties to come into court and establish their individual claims to the escrow funds. This they did, and the trial judge ruled in favor of the board of education.

We affirm the judgment.

1. The commissioners contend that Code § 32-1106, a general Act enacted in 1946, requires the tax commissioner, who is paid a salary by the commissioners, to pay his 2 1/2% commission for collecting taxes levied for education purposes into the treasury of the county. They further contend that Section 9 of a 1955 local Act is

unconstitutional as being in conflict with the 1946 general Act upon which they rely. Section 9 of the 1955 local Act provides: "Be it further enacted by authority aforesaid, that the said Chatham County Tax Commissioner shall receive no fees or compensation for the collection of any taxes levied for school purposes in said Chatham County, and the collection of said taxes shall be considered one of his duties, and the Commissioners of Chatham County shall make no charge against the Board of Public Education for the City of Savannah and the County of Chatham for the collection of school taxes in said county." Ga. L. 1955, pp. 2210, 2212.

Section 8 of the 1955 local Act also provided that the tax commissioner would henceforth be paid a salary, "said salary to be paid by the Commissioners of Chatham County, from the funds in the county treasury." P. 2212.

2. The board of education contends that Section 9 of the 1955 local Act is not unconstitutional in that it is not in conflict with a general statute, Code § 32-1106, and therefore does not violate the constitutional provision requiring laws of a general nature to have uniform operation throughout the state, Code § 2-401. It contends that two other constitutional provisions, Code §§ 2-7501 2-7902, authorize local legislation such as that contained in Section 9 of the 1955 Act, and that Section 9 of that Act is an exception to the uniformity provision of the Constitution.

The Constitution provides (Code Ann. § 2-7902) that county officers may be on a fee basis, salary basis, or fee basis supplemented by salary, in such manner as may be directed by law. It also provides (Code Ann. § 2-7501) that school tax funds shall be expended only for the support and maintenance of public schools, public education, and activities necessary or incidental thereto, including school lunch purposes.

3. The trial judge held:

*Conclusions of Law*

First. The legislature had the unquestioned authority to pass the local Act (Ga. L. 1955, pp. 2210-2216), providing that the Chatham County Tax Commissioner shall receive no fees or compensation for

the collection of any taxes levied for school purposes, and the Commissioners of Chatham County shall make no charge against the Board of Education for the collection of school taxes, and the contention that the Act is violative of the requirement of Art. I, Sec. IV, Par. I (Code Ann. § 2-401) requiring laws of a general nature to have uniform operation throughout the state is without merit.

Second. Article XI, Sec. II, Par. II (Code Ann. § 2-7902) of the Constitution expressly authorizes the legislature to fix the basis of compensation of county officers, and Art. XI, Sec. I, Par VI (Code Ann. § 2-7806) expressly authorizes the legislature to fix the compensation of Chatham County Commissioners and the Chatham County Tax Commissioner, without respect to uniformity.

Third. Construing Code Ann. §§ 32-1106, 2-7902 and 2-7806 together, it is clear to the court that Section 9 of Ga. L. 1955, p. 2212 is not unconstitutional and does not violate the requirement of Code Ann. § 2-401.

4. We agree with the trial judge and affirm his conclusions of law above recited. We would additionally state that once the General Assembly had placed the tax commissioner on a salary basis as authorized by Code Ann. § 2-7902, such salary to be paid to him by the commissioners, taxes thereafter collected by him for education purposes could not be constitutionally used for the payment of his salary or for the payment of expenses incurred in the operation of the tax commissioner's office. The constitutional language contained in Code § 2-7501 limits the purpose for which school tax funds once collected may be expended. And once the tax commissioner has been placed on a salary basis, collected school tax funds may not be expended for the payment of the tax commissioner's salary or the expenses of the operation of his office. In this situation such activities are not "necessary or incidental" to the support and maintenance of public education. Plainly said, once a tax commissioner has been placed solely on a salary basis with no explicit provision in the statute for using school tax funds for the payment of that salary, school tax funds cannot be constitutionally used for that purpose.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 16, 1976 — DECIDED APRIL 20, 1976 —
REHEARING DENIED MAY 4, 1976.

*Friedman, Haslam & Weiner, Bruce A. Howe, Anton F. Solms, Jr.,* for appellants.

*Pierce, Ranitz, Berry, Mahoney & Forbes, John F. M. Ranitz, Jr., Shelby Myrick, Jr., Corish, Smith, Remler & Moore, William T. Moore, Jr.,* for appellees.