32304. CLAYTON COUNTY v. WORSHAM et al.

NICHOLS, Chief Justice.

Subsequent to this court's decision in *Coleman v. Kiley,* 236 Ga. 751 (225 SE2d 273) (1976), the Clayton County Board of Education made demand upon the tax commissioner of Clayton County for the one percent portion of the educational funds that he had been paying to the general fund of Clayton County pursuant to Ga. L. 1971, p. 2897. Met with demands from both the Clayton County Board of Education and Clayton County for the one percent portion of the educational funds, the tax commissioner filed a petition for interpleader in order that the trial court could determine who was entitled to them.

The trial court found that the tax commissioner was compensated on a salary basis, that *Coleman v. Kiley,* supra, applied and that as the one percent "commissions are collected, they become part of the educational funds, and [can]not be used for any other purpose."

1. The appellant enumerates as error the trial court's construction of *Coleman v. Kiley.* We must reverse.

*Coleman v. Kiley* was concerned with whether local legislation which prohibited the commissioners of Chatham County from making charges against the board of education for the collection of school taxes was unconstitutional under Art. I, Sec. II, Par. VII of the Constitution of 1976 (Code Ann. § 2-207), formerly Art. I, Sec. IV, Par. I (Code Ann. § 2-401), because it conflicted with general legislation (Code Ann. § 32-1106), which authorizes payment of a collection fee to "the proper fiscal authority." That trial court properly held that Art. IX, Sec. I, Par. VI of the Constitution of 1976 (Code Ann. § 2-5806), formerly Art. XI, Sec. I, Par. VI (Code Ann. § 2-7806), allows nonuniformity when the legislature fixes the compensation of county treasurers. The trial court concluded that since the General Assembly is not governed by Art. I, Sec. II, Par. VII of the Constitution of 1976 (Code Ann. § 2-207) in fixing the compensation of tax commissioners, the local legislation, prohibiting the Chatham County Tax Commissioner from deducting from educational funds an amount to be paid into the county treasury for reimbursement of collection expenses, was valid.

This court affirmed the trial court's conclusions of law. *Coleman v. Kiley,* 236 Ga. 751, 753 (225 SE2d 273). Any other language in Division 4 of that opinion was not necessary for the result reached and, thus, was obiter.

In the case sub judice, the Tax Commissioner of Clayton County was relying on Ga. L. 1971, p. 2897 to allocate one percent of the educational funds collected to Clayton County, the "proper fiscal authority." Appellee contends that since the tax commissioner is on a salary basis, any allocation of educational funds to the general fund of Clayton County, even though used to offset the cost of collecting the educational funds, would be unconstitutional because the educational funds would not be used for purposes "necessary and incidental" to education as required by Art. VIII, Sec. VII, Par. I of the Constitution of 1976 (Code Ann. § 2-5501), formerly Art. VIII, Sec. XII, Par. I (Code Ann. § 2-7501). In other words, the argument is made that the costs of collecting educational funds are not "necessary and incidental" to public education when the tax commissioner is on a salary

basis of compensation, but are "necessary and incidental" when the commissioner is on a fee basis. We cannot agree.

Code § 32-1106 clearly provides that a tax collector is entitled to a commission for collecting school taxes. It further provides that where the tax collector or commissioner is on a salary basis, the commission shall be "paid over to the proper fiscal authorities." To rule that these commissions are only "necessary and incidental" when the tax commissioners are compensated on a fee basis would be totally inconsistent.

The Tax Commissioner of Clayton County should pay the disputed one percent portion of the collected educational funds to the general fund of Clayton County to be used to reimburse the county for the cost of collecting school taxes. Accordingly, the contrary holding of the trial court is reversed.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 11, 1977 — DECIDED MAY 25, 1977.

*John R. McCannon,* for appellant.

*Walker D. Burke, Awtrey, Parker, Risse, Mangerie & Brantley,* amicus curiae.

*Watson, Brown, Foster & Keller, Larry A. Foster, Glaze, Glaze, McNally & Glaze, George E. Glaze,* for appellees.