## 33931. DAVIDSON v. LOVETT et al.

Jordan, Justice.

Appellant sought a 1978 beer and wine license from the Laurens County Board of Commissioners. After denial of the application, he brought a petition for mandamus against the commissioners. This was denied by the trial court and he appeals.

The facts were stipulated and undisputed. Appellant's place of business is located within 100 yards of the "school grounds" of East Laurens High School, but is more than 100 yards from the "school building" itself.

Code § 58-724.1 states that "It shall be illegal for any person to sell either beer or wine at a place within 100 yards of any *school* or *schoolhouse* in this State." (Emphasis supplied.) Appellant contends that since the caption of the Act (Ga. L. 1945, p. 447) uses the words "school building or schoolhouse" that the distance must be measured from the building housing the school.

The learned trial judge concluded that the "General Assembly intended to establish an area between our schools and businesses which sell beer and wine. A reasonable interpretation of legislative intent necessarily requires that the 100 yard barrier apply to *schools* rather than school buildings. The restriction of sale of beer near schools has no relationship to the *building* but to the *occupants*. Since the students may receive instructions

and congregate on the school premises it is the legislative intent that beer and wine not be sold within 100 yards of the instructional premises."

We agree with this reasoning and affirm. A "school" is composed of instructors and pupils and may be conducted indoors or outdoors. A "building" merely facilitates the instruction.

The statute is not unconstitutional based on the contention that it "contains matter different from what is expressed in the title thereof." See *Cady v. Jardine,* 185 Ga. 9 (193 SE 869) (1937).

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Hall, J., who dissent.*

SUBMITTED AUGUST 18, 1978 — DECIDED OCTOBER 17, 1978.

*Jones, Jones & Hilburn, James V. Hilburn,* for appellant.

*Dubignion Douglas, Green & Tribble, Leon Green,* for appellees.