45262, 45263. MEAD CORPORATION v. COLLINS (two cases).
(367 SE2d 790)

Hunt, Justice.

Having been denied a refund of its state income taxes paid on long-term capital gains, Mead Corp. brought this suit against the revenue commissioner. The trial court subsequently granted the commissioner's motion for summary judgment while rejecting Mead's. On appeal, Mead claims that the act repealing the capital gains deduction was unconstitutional. We, however, disagree with Mead's claim and affirm the trial court's judgment.

In 1969, the General Assembly, in order to encourage industries to move to Georgia, provided an income tax deduction for half of any corporate long-term capital gains. Ga. L. 1969, pp. 114, 117; then, Code Ann. § 92-3102 (6), as amended Code Ann. § 91A-3602; now, OCGA § 48-7-21. But in 1976, this particular deduction was repealed. Ga. L. 1976, pp. 980, 981. For its part, Mead paid taxes for the years 1976 through 1979 without taking a capital gains deduction. Nevertheless, in 1979 it filed a refund claim for those years, arguing that the 1976 repeal of the deduction was ineffective.

To support its contention that the 1976 act violates the state constitution, Mead advances three arguments:

1. First, Mead maintains that the act is constitutionally deficient, because the act's title contains matters different from its body. Mead argues that the act's title, which refers to page 115 and which relates the amendment to "adjustments to Federal taxable income to be made by corporations," does not give adequate notice of the repeal of the deduction for corporate long-term capital gains. Instead, all that appears on page 115, besides an introduction of subsection (b), is subsection (b) (1), dealing with interest and dividend adjustments. Subsection (b) (6) on long-term capital gains appears on page 117. These are the differences, asserts Mead, between the title and the amendment which render the act unconstitutional.[1]

Since 1798, the Georgia Constitution has provided that "No bill shall pass which . . . contains matter different from what is expressed in the title thereof." Ga. Const. 1983, Art. III, Sec. V, Par. III; Ga. Const. 1976, Art. III, Sec. VII, Par. IV; Ga. Const. 1945, Art. III, Sec. VII, Par. VIII. The purpose of this constitutional provision requiring that the act's title must alert the reader to the matters contained in its body is to protect against surprise legislation.[2] *Camp v. MARTA,*

---

[1] Mead also charges that the title to the 1976 act is ineffective because it references Ga. L. 1969 instead of the original act amended by Ga. L. 1969. This argument is meritless where, as here, the amending act entirely replaced its prior counterpart.

[2] The surprise legislation which prompted this constitutional provision was the so-called "Yazoo Fraud," in which, under the caption of an act "for the protection and support of its frontier settlements," a measure was enacted disposing of some 35,000,000 acres of Georgia's

229 Ga. 35, 38 (189 SE2d 56) (1972); *Prothro & Kendall v. Orr*, 12 Ga. 36, 43 (1852). But recalling the history of that provision arising from the 1798 constitution, this court stated in *Cady v. Jardine*, 185 Ga. 9, 10-11 (193 SE 869) (1937):

> . . .recognizing the wisdom of the provision, it must nevertheless be given a reasonable interpretation, and applied in the same manner. It was never intended that the substance of the entire act should be set forth in the caption. It was not contemplated that every detail stated in the body should be mentioned in the caption. *If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition.* [Emphasis supplied.]

Accord *Devier v. State*, 247 Ga. 635, 636 (277 SE2d 729) (1981). *Cady*, supra, also stands for the proposition that

> provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purposes for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words and for other purposes.

Id. at 11. Accord *Black v. Jones*, 190 Ga. 95, 97 (8 SE2d 385) (1940).

Applying these principles of interpretation to the statute at hand, we find that Mead's first challenge must fail. The title puts the reader on notice that subsection (b) affecting corporate adjustments is being amended. The long-term capital gains deduction is one of the corporate adjustments in the referenced section, and it is naturally connected with and germane to the main object of the legislation as stated in the title. Thus, that subsection (b) (6) is on page 117, rather than on page 115, is not fatal. Nor is it unusual: a perusal of the volume containing Ga. L. 1976 reflects a consistent pattern of referring to pertinent sections by a single page number. Finally, since the title announced an intention to affect the corporate adjustments to the state income tax, the "and for other purposes" clause sufficed as notice of the repealing of subsection (b) (6).

2. Second, Mead insists that the 1976 act does not "distinctly describe" the law to be amended or repealed, as required by Ga. Const.

---

western lands for $500,000. These lands later became the states of Alabama and Mississippi.

1983, Art. III, Sec. V, Par. IV; Ga. Const. 1976, Art. III, Sec. VII, Par. XII; Ga. Const. 1945, Art. III, Sec. VII, Par. XVI:

> No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending, or repealing act, shall *distinctly describe the law to be amended or repealed*, as well as the alteration to be made. [Emphasis supplied.]

See *Mayson v. Davis*, 227 Ga. 399, 400 (181 SE2d 64) (1971).

In *Ragans v. Ragans*, 200 Ga. 890, 892-93 (39 SE2d 162) (1946), this court held that mere reference to the code section to be affected is insufficient, and that a reasonably clear and concise description of the subject matter of the affected statute is necessary. That test is met in this case. Indeed, the act's body provides:

> Section 92-3102(b) of the Code of Ga. of 1933, as amended, particularly by Ga. L. 1969, pp. 114, 115, relating to adjustments to Federal taxable income to be made by corporations, is hereby further amended by striking subsection (6) of said section in its entirety. . . .

Subsection (6) provided for the long-term capital gain deduction. Hence, in both its title and its body, the 1976 act goes beyond a mere reference to the title or code section of the law to be amended and describes it with sufficient clarity.

3. Third, Mead alleges that the act, by its own terms, is to be applied retroactively to January 1, 1975, some fifteen months earlier than its effective date, and is consequently unconstitutional: "No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed." Ga. Const. 1983, Art. I, Sec. I, Par. X; Ga. Const. 1976, Art. I, Sec. I, Par. VII; Ga. Const. 1945, Art. I, Sec. III, Par. II. Since, however, a refund is sought only for the years 1976 through 1979, the retroactive effect, if any, does not apply to Mead specifically, and thus, we do not need to address the particular issue raised by Mead here. *Roberts v. Gunter*, 251 Ga. 276, 283 (304 SE2d 369) (1983). Compare *Fulton Bag &c. Mills v. Williams*, 212 Ga. 783, 786-87 (95 SE2d 848) (1956). And in any event, even though a statute may not be effective in a certain situation for retroactively affecting vested rights, the statute is not otherwise invalid *per se*. See *State Highway Dept. v. Bass*, 197 Ga. 356, 365 (29 SE2d 161) (1944).

In short, there is no merit to Mead's contention that the 1976 act is unconstitutional. The act does not violate: (1) the constitutional prohibition against an act's containing matter different from what is expressed in its title; or (2) the constitutional requirement that an

amending act distinctly describe the law to be amended; or (3) any prohibition relevant here concerning retroactive laws. Summary judgment to the revenue commissioner is therefore affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 1988 —
RECONSIDERATION DENIED MAY 25, 1988.

*Killorin & Killorin, Edward W. Killorin, Robert W. Killorin,* for appellant.

*Michael J. Bowers, Attorney General, Warren R. Calvert, Assistant Attorney General,* for appellee.