## S97A1517. RANDOLPH v. THE STATE.

(496 SE2d 258)

BENHAM, Chief Justice.

This appeal presents a constitutional challenge to OCGA § 16-6-5.1 (b).[1] Curtis A. Randolph was indicted in two counts for sexual assault against a person in custody. The indictment alleged that Randolph engaged in sexual contact with a student enrolled in high school, and that Randolph had supervisory and disciplinary authority over the student. One count alleged that the contact occurred prior to the beginning of classes for the 1996-1997 school year, and the other alleged contact occurring after the beginning of classes for that school year. Randolph filed motions to dismiss, contending that OCGA § 16-6-5.1 (b) is unconstitutional because of a violation of the one-subject rule of the Georgia Constitution and because of vagueness. The trial court denied the motions, but certified its order for immediate review. This Court granted Randolph's interlocutory appeal application, posing two questions: 1. Whether OCGA § 16-6-5.1 violates Art. III, Sec. V, Par. III, or Art. III, Sec. V, Par. IV of the 1983 Georgia Constitution; 2. Whether OCGA § 16-6-5.1 is unconstitutionally vague as applied to this case.

1. The offense of sexual assault against persons in custody came into being in 1983 (Ga. L. 1983, p. 721), and the class of victims was enlarged in 1990 to include a person "who is enrolled in a school . . . ." Ga. L. 1990, p. 1003. The constitutional attacks based on Art.

---

[1] OCGA § 16-6-5.1. Sexual assault against persons in custody; sexual assault against person detained or patient in hospital or other institution; sexual assault by practitioner of psychotherapy against patient.

. . .

(b) A probation or parole officer or other custodian or supervisor of another person referred to in this Code section commits sexual assault when he engages in sexual contact with another person who is a probationer or parolee under the supervision of said probation or parole officer or who is in the custody of law or who is enrolled in a school or who is detained in or is a patient in a hospital or other institution and such actor has supervisory or disciplinary authority over such other person.

III, Sec. V, of the Georgia Constitution relate to the act by which OCGA § 16-6-5.1 was amended in 1990.

(a) "No bill shall pass which refers to more than one subject matter or contains matter different from what is expressed in the title thereof." Art. III, Sec. V, Par. III, Ga. Const., 1983. The caption[2] of the amending act involved here read in pertinent part as follows: "To amend Chapter 6 of Title 16 of the Official Code of Georgia Annotated, relating to sexual offenses, so as to change the definition of the offense of sexual assault against persons in custody. . . ." Ga. L. 1990, p. 1003. Randolph contends the constitutional provision quoted above was violated by the amending act because the caption did not give notice that the body of the act contains a prohibition against sexual contact with a person who is enrolled in a school and over whom the actor has supervisory or disciplinary authority. We disagree.

> The purpose of this constitutional provision requiring that the act's title must alert the reader to the matters contained in its body is to protect against surprise legislation. [Cit.] . . . "[R]ecognizing the wisdom of the provision, it must nevertheless be given a reasonable interpretation, and applied in the same manner. It was never intended that the substance of the entire act should be set forth in the caption. It was not contemplated that every detail stated in the body should be mentioned in the caption. *If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition.*" [Cit.]

*Mead Corp. v. Collins*, 258 Ga. 239 (1) (367 SE2d 790) (1988). The caption in question in this case expresses an intent to change the definition of the offense of sexual assault against persons in custody; the act itself changed the definition of that offense to include among the class of victims persons enrolled in a school. Thus, that which followed the caption definitely related to it, had a natural connection to it, and was not in conflict with it. Accordingly, there was no violation of the constitutional requirement.

The case of *Nelson v. Southern Guaranty Ins. Co.*, 221 Ga. 804 (147 SE2d 424) (1966), relied upon by Randolph, does not require a contrary conclusion. In that case, this Court was considering legislation the caption of which specified that its purpose was to provide for uninsured motorist insurance, but the body of which included a

---

[2] "This court has construed the word 'title' in the Constitution to mean the act's caption. [Cits.]" *Lutz v. Foran*, 262 Ga. 819, fn. 2 (427 SE2d 248) (1993).

requirement unconnected with uninsured motorist coverage. Concluding that the questioned provision was violative of what is now Art. III, Sec. V, Par. III, this Court held,

> When the caption of an amendatory Act specifically limits the matters to be included in the amendment, and there is inserted in the body of the Act a completely unrelated provision of which the title gives no intimation, the constitutional prohibition against the passage of a law which "contains matter different from what is expressed in the title thereof" [cit.] is violated.

Id. at 807. That holding is inapposite here because the caption of the amendatory act did not limit the matters to be included more specifically than to the subject matter of the statute being amended, and inclusion in the body of the amendatory act of a new category of victims was not unrelated to the matter addressed in the caption, but was instead the means by which the promise of the caption was fulfilled.

(b) "No law or section of the Code shall be amended or repealed by mere reference to its title or to the number of the section of the Code; but the amending or repealing Act shall distinctly describe the law or Code section to be amended or repealed as well as the alteration to be made." Art. III, Sec. V, Par. IV, Ga. Const. 1983. What is required by that provision is "a reasonably clear and concise description of the subject matter of the affected statute . . . ." *Mead Corp. v. Collins*, 258 Ga. 239 (2), supra. The 1990 amending act is plainly in accord with the constitutional provision since it specifies the Code section to be amended and the subject matter of that section, and sets out the alteration, a revision of subsection (b) of OCGA § 16-6-5.1 to include in the class of victims persons enrolled in a school.

2. Randolph bases his vagueness challenge on his contention that the phrases "enrolled in a school" and "supervisory or disciplinary authority" are too broad to put a person of ordinary intelligence on notice of the conduct which is forbidden. However, that approach to the issue of vagueness is inappropriate in the procedural posture of this case. " 'It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.' [Cit.]" *State v. Hudson*, 247 Ga. 36 (1) (273 SE2d 616) (1981). Although the facts of this case have not been established by trial, the record and the briefs provide sufficient allegations of fact to permit a consideration of the vagueness challenge. See *Hall v. State*, 268 Ga. 89 (485 SE2d 755) (1997). Those allegations of fact are that Randolph was an assistant high school principal at the high school attended by the victim, and

that there was sexual contact between Randolph and the student.

> To withstand a vagueness challenge, "all that is required is that the language 'convey sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" [Cit.] The General Assembly need not define every word it uses in a statute, as a cardinal rule of statutory construction is "the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter. . . ." [Cit.]

*Land v. State*, 262 Ga. 898 (1) (426 SE2d 370) (1993). While the phrases which Randolph contends are too vague appear in the context of education, they are not words of art. To determine the meaning of "enrolled in a school," and "supervisory or disciplinary authority," we need only know the meaning of "enroll," "school," "supervisory," "disciplinary," and "authority." According to *The American Heritage Dictionary of the English Language*, 3d ed., 1992, "enroll" means "to enter or register in a roll, list, or record," and "school" means "an institution for the instruction of children or people under college age." Thus, "enrolled in a school" means entered or registered on the roll of an institution for instruction for persons under college age. That same source defines "supervisory" as the adjectival form of "supervisor," one that supervises, and "supervise" means "to have the charge and direction of." "Disciplinary" is defined there as "of, relating to, or used for discipline;" "discipline" means "control obtained by enforcing compliance or order"; and "authority" means "the power to enforce laws, exact obedience, command, determine, or judge." "Supervisory and disciplinary authority," then, means the power to direct and to enforce compliance. We note that OCGA § 20-2-1001 makes it clear that an assistant principal is in such a position of supervisory and disciplinary authority in that subsection (a) of the statute includes principals and school administrators within the definition of "educator," and subsection (b) provides educators with immunity for good faith exercise of discipline.

Given the plain meaning of the words used in the statute, we conclude that the statute gives one in Randolph's alleged position a sufficiently definite warning regarding those persons with whom it was forbidden for him to engage in sexual conduct, i.e., any person who was at the time of the sexual contact registered as a student at the high school at which Randolph worked as an administrator. Thus, the language of the statute is sufficient to "convey sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Land v. State*, supra. That being so, we hold that the trial court was correct in rejecting Ran-

dolph's vagueness attack on OCGA § 16-6-5.1 (b).

*Judgment affirmed. All the Justices concur, except Sears, J., who concurs in the judgment only.*

DECIDED MARCH 2, 1998.

*Gillen, Dailey & Cromwell, Craig A. Gillen,* for appellant.

*J. Tom Morgan, District Attorney, John H. Petrey, Assistant District Attorney,* for appellee.