**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2002-KM-01650-SCT**

*KENNETH B. HILL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 9/5/2002 |
| TRIAL JUDGE: | HON. ANN H. LAMAR |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID L. WALKER |
| | TOMMY W. DEFER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS |
| SPECIAL PROSECUTING ATTORNEY: | C. GAINES BAKER |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 08/21/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., WALLER AND CARLSON, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1.     Kenneth B. Hill appeals his conviction for animal cruelty alleging that Miss. Code Ann. § 97-41-16 (2000), the statute under which he was convicted, is unconstitutionally vague under the due process clause of the Fourteenth Amendment to the United States Constitution.  Finding the statute constitutional, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Alfred E. Mills owns and resides on a 202-acre farm near Batesville, Mississippi.  Mills purchased the farm in 1995 from Kenneth B. Hill's father and sister.  Hill resided in a mobile home on a three-acre plot in the southwest corner of Mills's farm.

¶3.     On February 26, 2002, Mills was feeding his cows when a vehicle turned around in his driveway and headed back to the nearby highway.  Mills's four-year-old Great Pyrenees dog, named "Big Dog," followed the vehicle out to the highway.  As Big Dog was returning from chasing the vehicle, he passed next to Hill's trailer which is near Mills's barn.  After hearing two gunshots, Mills saw Hill standing at the end of his mobile home then run and pick up Big Dog's body and drag it around to the back of his mobile home.

¶4.     Mills called law enforcement which went to Hill's mobile home to investigate.  Mills noticed the deputy knock on the door, but Hill never responded.  Mills had learned that after Hill shot Big Dog he stuck the dog's body underneath his mobile home.

¶5.     Mills later found Big Dog's body on the side of a nearby road.  A rope was tied around Big Dog's back legs, and it was evident that he had been dragged.  Hill readily admitted that he shot Big Dog twice with a 16-gauge shotgun and that he dragged him out of his yard with his motorcycle.  However, Hill testified that he did not recall using a rope and further did not recognize Big Dog's body from the pictures presented.

¶6.     Hill also admitted that Big Dog had not attacked anything at the time he shot Big Dog.  Hill stated, "He wasn't killing anything or threatening anything at the moment but he was certainly back on my property looking for something to eat.  The only reason I could think he would be on my property was because he

2

was looking for something to eat." He also noted that he was "dog psychic" and that "the dogs will certainly be glad that this one is gone and won't be back to kill or hurt any other dogs again."

¶7.     Hill was convicted in Panola County Justice Court of violating Miss. Code Ann. § 97-41-16 which governs malicious or mischievous injury to dogs. The justice court ordered Hill to pay a $500 fine, $2,500 in restitution, and court costs and sentenced him to 90 days in jail which would be suspended pending payment of the fine, restitution, and good behavior. Hill appealed to the Panola County Circuit Court which, after a de novo trial, convicted him and ordered him to pay a $750 fine, $3,000 in restitution, and sentenced him to six months in jail pending compliance with the court's orders and pending future good behavior. Hill argued the unconstitutionality of Miss. Code Ann. § 97-41-16 in a motion for directed verdict, but the court denied his motion. Aggrieved, Hill again appeals and argues that Miss. Code Ann. § 97-41-16 is unconstitutionally vague under the due process clause of the Fourteenth Amendment.

## DISCUSSION

¶8.     Miss. Code Ann. § 97-41-16, the constitutionality of which is challenged here, provides in pertinent part:

> (1)     Any person who shall *maliciously*, either out of a spirit of revenge or *wanton cruelty*, or who shall mischievously *kill*, maim or wound, or injure any dog, or cause any person to do the same, shall be fined not more than One Thousand Dollars ($1,000.00) or be imprisoned not exceeding six (6) months.

(emphasis added).

¶9.     Hill asserts that Miss. Code Ann. § 97-41-16 is unconstitutionally vague in that it, inter alia, does not define "spirit of revenge," does not indicate whether the spirit of revenge must be directed toward the dog or its owner, and fails to define what constitutes wanton cruelty in killing a dog.

3

¶10.    Statutes under constitutional attack have a strong presumption of validity, and that presumption is overcome only with a showing of unconstitutionality beyond a reasonable doubt. *Dillard v. Musgrove*, 838 So. 2d 261, 264 (Miss. 2003); *State v. Quitman County*, 807 So. 2d 401, 406 (Miss. 2001); *Richmond v. State*, 751 So. 2d 1038, 1047 (Miss. 1999); *Genry v. State*, 735 So. 2d 186, 199 (Miss. 1999); *Nicholson ex rel. Gollott v. State*, 672 So. 2d 744, 750-51 (Miss. 1996). The test concerning statutory construction is whether a person of reasonable intelligence would receive fair notice of that which is required or forbidden. *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 525, 114 S. Ct. 1747, 1754, 128 L. Ed. 2d 539, 552 (1994); *Lewis v. State*, 765 So. 2d 493, 499 (Miss. 2000) (citing *Posters 'N' Things*); *Miller v. State*, 636 So. 2d 391, 395 (Miss. 1994); *Reining v. State*, 606 So. 2d 1098, 1103 (Miss. 1992).

¶11.    "It is well established that vagueness challenges which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975) (citing *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 83 S. Ct. 594, 9 L. Ed. 2d 561 (1963)). *See also Randolph v. State*, 496 S.E.2d 258, 260 (Ga. 1998); *State v. Hair*, 784 So. 2d 1269, 1273 (La. 2001); *State v. Sahady*, 694 A.2d 707, 708 (R.I. 1997). Since Miss. Code Ann. § 97-41-16 does not implicate any fundamental First Amendment rights, its constitutionality must be tested in light of the facts here presented, not in the hypothetical.

¶12.    Hill's sole authority in support of his constitutionality argument is our plurality decision in *Davis v. State*, 806 So. 2d 1098 (Miss. 2001), and *People v. Rogers*, 703 N.Y.S.2d 891 (N.Y. City Ct. 2000), which is cited in *Davis*. In *Davis*, some youths on four-wheelers were chasing Davis's fourteen horses when a young colt broke its leg. 806 So. 2d at 1099. Davis's treatment options were to have the horse

4

treated at the veterinary schools at Mississippi State University or Louisiana State University or isolate the horse, take the weight off the foot, administer medication, and allow the break to calcify. *Id.* at 1100. Davis opted for the second choice, knowing full well that doing so would leave the horse with a permanent limp. *Id.* Eleven months later, the Pearl River County Society for the Prevention of Cruelty to Animals (SPCA) received a report about the limping colt and determined that the horse was in pain. *Id.* A veterinarian confirmed this suspicion and euthanized the horse. *Id.* The SPCA had received other complaints about the condition of Davis's horses and filed affidavits in justice court accusing Davis of cruelty. *Id.* Davis was convicted of cruelty and appealed. *Id.*

¶13. A plurality of this Court found that Miss. Code Ann. § 97-41-1[1] was "too vague for a proper determination of the mens rea" and concluded that the statute was unconstitutional. *Id.* at 1104. We cited *People v. Rogers* as an example of where a court found a similar statute unconstitutional when the defendant had used a rubber band to dock his puppy's tail. However, Presiding Justice Smith, joined by three other justices, dissented and noted, "This Court has stated that where a crime is *malum prohibitum*, the Legislature's failure to set out a mens rea does not render the statute unconstitutional." *Id.* (citation omitted).

¶14. The circumstances in *Davis* presented a much closer question on the issue of cruelty than the one presented here. Hill readily admitted that he shot Big Dog twice in the head with a 16-gauge shotgun and

---

[1]Miss. Code Ann. § 97-41-1, held unconstitutional in *Davis*, provided:

> If any person shall override, overdrive, overload, torture, torment, unjustifiably injure, deprive of necessary sustenance, food, or drink; or cruelly beat or needlessly mutilate; or cause or procure to be overridden, overdriven, overloaded, tortured, unjustifiably injured, tormented, or deprived of necessary sustenance, food or drink; or to be cruelly beaten or needlessly mutilated or killed, any living creature, every such offender shall, for every offense, be guilty of a misdemeanor.

that Big Dog was posing no threat whatsoever at the time. In addition, he dragged Big Dog's corpse down a paved road before disposing of it. Hill shot Big Dog without provocation and not in the exercise of self defense. *See generally* Sonja A. Soehnel, Annotation, *What Constitutes Offense of Cruelty to Animals–Modern Cases*, 6 A.L.R.5th 733, § 12 (1992 & Supp. 2002). In our view, an ordinary person giving a fair reading of Miss. Code Ann. § 97-41-16 would conclude that Hill's conduct was prohibited. On these facts, we cannot say that Miss. Code Ann. § 97-41-16 is unconstitutionally vague such that it would not give Hill sufficient notice that the conduct in which he engaged was proscribed. Here, the absence of provocation or self defense clearly falls within the ambit of "maliciously," "mischievously," and "wanton cruelty" as contemplated in Miss. Code Ann. § 97-41-16.

## CONCLUSION

¶15. We find that Miss. Code Ann. § 97-41-16 is not unconstitutionally vague under the due process clause of the Fourteenth Amendment to the United States Constitution. We affirm Kenneth B. Hill's conviction and sentence for animal cruelty.

¶16. **CONVICTION OF ANIMAL CRUELTY AND SENTENCE OF $750 FINE, $3000 IN RESTITUTION, AND SIX MONTHS INCARCERATION IN PANOLA COUNTY JAIL WITH SAID SENTENCE OF IMPRISONMENT SUSPENDED PENDING FULL COMPLIANCE WITH ORDERS OF PANOLA COUNTY CIRCUIT COURT, AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., COBB, EASLEY AND CARLSON, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**