S03A0031. BOARD OF PUBLIC EDUCATION FOR THE CITY OF SAVANNAH AND THE COUNTY OF CHATHAM v. HAIR et al.

(581 SE2d 28)

FLETCHER, Chief Justice.

The Board of Public Education for the City of Savannah and the County of Chatham (the "Board") sued the Chatham County Board of Commissioners and Tax Commissioner (collectively the "County"), challenging as unconstitutional a county ordinance and state statute under which the County receives a 2.5% commission for collecting the school taxes. The trial court upheld the ordinance and statute. Because the Georgia Constitution and state statutes allow the entity that collects school taxes to receive up to a 2.5% commission for its collection services and the Board's remaining enumerations are without merit, we affirm.

In Chatham County, the tax commissioner collects the school taxes, in addition to taxes for the county and some nearby municipalities. Under a local ordinance, the commissioner is required to remit all school taxes that he collects to the Board, except for a certain percentage that he withholds and pays to the County.

In 2001, the County required the tax commissioner to pay to the County 1.51% of the school taxes collected, which resulted in the Board's paying roughly 75% of the County's cost to collect the school taxes as well as the county and city taxes. In 2002, the County raised its charge to 2.5%. Under the new rate, the Board pays approximately 111% of the County's cost to collect all the taxes.

1. Article VIII, section VI, paragraph III of the Georgia Constitution authorizes the General Assembly to pass a general law that "require[s] local boards of education to reimburse the appropriate governing authority for the collection of school taxes, provided that any rate established may be reduced by local act."[1] OCGA § 48-5-404 (a) provides that the tax commissioner shall "be entitled to a commission of 2 ½ percent for collecting the [school] taxes," which the commissioner must pay over to the County when, as here, the commissioner is paid a salary. The Board contends that OCGA § 48-5-404 (a) is unconstitutional because the constitution allows only "reimburse[ment]" and the statute permits the County to receive more money than is required to *reimburse* the County for the cost of col-

---

[1] Ga. Const., Art. VIII, Sec. VI, Par. III.

lecting the school taxes.

The General Assembly is presumed to enact laws with full knowledge of the condition of the law and with reference to it,[2] and the courts will not presume that the legislature intended to enact an unconstitutional law.[3] When a statute can be read in both a constitutional and unconstitutional manner, the courts apply the construction that upholds the law's constitutionality.[4] "In construing statutes, courts shall look diligently for the intention of the General Assembly,"[5] and they will declare legislation unconstitutional only when it "manifestly infringes upon a constitutional provision or violates the rights of the people."[6]

As the Board concedes, the Georgia Constitution authorizes the General Assembly to set a statewide reimbursement rate,[7] and the General Assembly has set 2.5% as that rate. The 2.5% statewide rate existed as early as 1919 and has reappeared in various legislation authorizing the collector of school taxes to charge a commission.[8] A natural consequence of establishing a statewide rate when different entities collect school taxes for different communities around the state is that 2.5% may over-reimburse some entities and under-reimburse others. When examined on a statewide basis, however, nothing in the record suggests that 2.5% is an unreasonable rate of reimbursement. Therefore, we conclude that OCGA § 48-5-404 (a) does not violate Article VIII, section VI, paragraph III of the Georgia Constitution.

We also conclude that the county ordinance that raised the County's charge to 2.5% does not violate OCGA § 48-5-404 (a), even though that charge may be more than the County's costs to collect the school taxes. OCGA § 48-5-404 (a) provides that the local governing authority may receive up to a 2.5% "commission" for collecting school taxes. "Commission" means "a fee paid to an agent or employee for a particular transaction, usu[ally] as a percentage of the money received from the transaction."[9] The plain language of the statute does not restrict any individual entity's "commission" to the cost that entity incurred in collecting the school taxes. Because OCGA § 48-5-404 (a) does not limit the County's commission to the

---

[2] *Dudley v. State*, 273 Ga. 466, 468 (542 SE2d 99) (2001).

[3] *Wickham v. State*, 273 Ga. 563, 566 (544 SE2d 439) (2001); *Old South Duck Tours v. Mayor & Aldermen of the City of Savannah*, 272 Ga. 869, 871 (535 SE2d 751) (2000).

[4] *Wickham*, 273 Ga. at 566.

[5] *Cox v. Barber*, 275 Ga. 415, 416 (568 SE2d 478) (2002).

[6] *Cobb Cty. School Dist. v. Barker*, 271 Ga. 35, 37 (518 SE2d 126) (1999).

[7] Ga. Const. Art. VIII, Sec. VI, Par. III.

[8] See, e.g., 1919 Ga. Laws 288, 337-338; 1946 Ga. Laws 206, 211; 1978 Ga. Laws 309, 479.

[9] Black's Law Dictionary 264 (7th ed. 1999); see also Webster's Third New Int'l Dictionary 457 (1961).

cost to collect the school taxes, the county ordinance that authorizes the County to receive 2.5% does not violate the state statute.

2. The Board also contends that allowing the County to charge more than its cost to collect the school taxes is an unconstitutional expenditure of school taxes for non-educational purposes. The Georgia Constitution prohibits the expenditure of school taxes for non-educational purposes: "School tax funds shall be expended only for the support and maintenance of public schools . . . public education, and activities necessary or incidental thereto. . . ."[10]

The Board cannot collect school taxes and, instead, must rely on the County's tax commissioner to collect the school taxes.[11] Georgia's Constitution and statutes contemplate that the collector of school taxes will be paid for its collection services.[12] Because the Board cannot collect school taxes and Georgia law entitles the collector of the school taxes to be paid under a statewide reimbursement rate, the 2.5% that the County receives for collecting the school taxes for the Board is a necessary and incidental public education expense, authorized under the Georgia Constitution.[13]

3. Prior to 1994, OCGA § 48-5-404 contained a subsection (b), which limited the commission paid for the collection of school taxes in counties the size of Chatham County to one percent. In 1994, the legislature repealed subsection (b).[14] The Board contends that the legislation repealing subsection (b) violated the constitutional ban against bills that "refer[ ] to more than one subject matter or contain[ ] matter different from what is expressed in the title thereof."[15]

The constitution does not require the caption of an act to contain the entire act or every detail of the proposed legislation.[16] "If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition."[17] The caption of the 1994 legislation signed by the governor stated that it was an act "[t]o

---

[10] Ga. Const. Art. VIII, Sec. VI, Par. I (b).

[11] See, e.g., OCGA §§ 48-5-400, 48-5-401, 48-5-404 (a).

[12] See Ga. Const., Art. VIII, Sec. VI, Par. III; OCGA § 48-5-404 (a).

[13] See *Clayton Cty. v. Worsham*, 239 Ga. 135, 136 (236 SE2d 80) (1977) (holding that payment of commission for collecting school taxes was "necessary and incidental" to public education and rejecting as obiter dictum the portion of Division 4 in *Coleman v. Kiley*, 236 Ga. 751, 753 (225 SE2d 273) (1976), that suggested commissions could not be necessary and incidental to public education).

[14] 1994 Ga. Laws 237, 242-243.

[15] Ga. Const. Art. III, Sec. V, Par. III.

[16] *Cady v. Jardine*, 185 Ga. 9, 10-11 (193 SE 869) (1937); see also *Randolph v. State*, 269 Ga. 147, 148 (496 SE2d 258) (1998); *Mead Corp. v. Collins*, 258 Ga. 239, 240 (367 SE2d 790) (1988).

[17] *Cady*, 185 Ga. at 11; see also *Randolph*, 269 Ga. at 148; *Mead Corp.*, 258 Ga. at 240.

repeal certain obsolete and superseded laws and provisions of the Official Code of Georgia Annotated based upon classification by population." OCGA § 48-5-404 (b) was a provision based on classification by population and, therefore, was related to and had a natural connection with the main object of the legislation that effected its repeal.[18] Accordingly, the portion of law that repealed OCGA § 48-5-404 (b) complied with Article III, section V, paragraph III of the Georgia Constitution.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2003.

*Bouhan, Williams & Levy, Walter C. Hartridge, Leamon R. Holliday III, Todd M. Baiad, Lester B. Johnson III*, for appellant.

*Thurbert E. Baker, Attorney General, R. Jonathan Hart, Emily E. Garrard*, for appellees.

---

[18] See also *Board of Comm'rs of Clayton Cty. v. Clayton Cty. Sch. Dist.*, 250 Ga. 244, 246 (297 SE2d 724) (1982) (holding that population classification provisions that apply to only one county may be suspect as invalid special laws).