A05A0018. WILSON v. THE STATE.
(605 SE2d 921)

ELDRIDGE, Judge.

A Spalding County jury found Larry Wilson guilty of sexual assault and aggravated sodomy, which charges arose in relation to acts Wilson perpetrated against a nursing home patient in Wilson's care. He appeals, claiming error in the trial court's conclusion that the victim was competent to testify at trial and challenging the sufficiency of the evidence against him. Upon review of the record, we find as follows.

1. The victim in this case, R. C., is a mentally and physically disabled adult who resides at the Sunbridge Care and Rehabilitation Center. Pursuant to a defense motion, the trial court held a competency hearing prior to R. C.'s trial testimony. The court established that R. C. knew the difference between the truth and a lie. R. C. stated that it was good to tell the truth and bad to tell a lie; he further stated that he could and would tell the truth. The court found him competent to testify. Thereafter, R. C. expressly identified "Larry" Wilson as the man who hurt him when "he stick it [(penis)] in me." Wilson assigns error to the trial court's competency finding.

The rights of citizens include the right to testify as a witness.[1] This right may be limited by the state legislature for a legitimate

---

[1] OCGA § 1-2-6 (a) (7).

purpose, such as the protection of the factfinding process. Our competency statute is one such protective limitation.[2] It requires that the witness be "sensible of the obligation to tell the truth. [Cit.]"[3] In that regard, "[t]he trial court's determination of competency will not be disturbed absent abuse of discretion."[4] Here, we find no abuse of the court's discretion. While Wilson directs our attention to the disability accommodations that had to be made in order to secure R. C.'s testimony and the obvious limitations in R. C.'s ability to communicate, the record shows that R. C. understood his responsibility to tell the truth. Accordingly, he was competent to testify. Subsequently, R. C.'s testimony showed that he clearly knew what had happened to him and knew who had done it; with aid, he communicated these facts to the jury. While the court passes upon the competency of a witness, the jury passes upon his credibility.[5] Wilson's conviction speaks to the jury's credibility findings.

2. (a) Evidence that R. C. told Wilson "no" and that Wilson's act of sexual abuse hurt R. C. is sufficient to demonstrate that such act was done forcefully without consent. This — coupled with the testimony from the nursing assistant who walked in on Wilson as he was anally sodomizing R. C. — is sufficient for a rational trier of fact to have found Wilson guilty beyond a reasonable doubt of the offense of aggravated sodomy.[6] For these same reasons, the trial court correctly denied Wilson's motion for directed verdict.[7]

(b) Wilson was charged under Count 1 of the indictment with sexual assault per OCGA § 16-6-5.1 (c) (1), which states that,

> A person commits sexual assault when such person has supervisory or disciplinary authority over another person and such person engages in sexual contact with that other person who is: . . . [d]etained in or is a patient in a hospital or other institution.

Wilson argues that he did not have "supervisory authority" over the victim so as to make this portion of the statute applicable; thus, the State failed to prove the elements of the indicted offense. We are constrained to agree.

---

[2] OCGA § 24-9-5 (a) ("Except as provided in subsection (b) of this Code section, persons who do not have the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, shall be incompetent witnesses.").

[3] *Ambles v. State*, 259 Ga. 406, 409 (2) (383 SE2d 555) (1989).

[4] (Citation omitted.) *Bearden v. State*, 159 Ga. App. 892 (1) (285 SE2d 606) (1981).

[5] Id. at 895 (6).

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] See *Moore v. State*, 273 Ga. 11, 12 (537 SE2d 334) (2000).

In *Randolph v. State*,[8] our Supreme Court took the opportunity to explore the meaning of the term "supervisory authority" in the context of OCGA § 16-6-5.1 (c) (1):

> The American Heritage Dictionary of the English Language, 3d ed., 1992, . . . defines "supervisory" as the adjectival form of "supervisor," one that supervises, and "supervise" means "to have the charge and direction of." . . . "[A]uthority" means "the power to enforce laws, exact obedience, command, determine, or judge." "Supervisory . . . authority," then, means the power to direct . . . compliance.[9]

At Sunbridge nursing home, Wilson was employed as a Certified Nursing Assistant ("CNA"). The only evidence as to the official duties of a CNA at Sunbridge was that such employee is a patient personal caregiver, cleaning up after incontinence and looking after general needs. The evidence expressly establishes that a CNA is *not* a supervisor and does *not* have "supervisory authority" over the patients, as that term has been defined in *Randolph v. State*, supra. Had Wilson been indicted under OCGA § 16-6-5.1 (d), the instant conviction might have been sustained.[10] However, from the definitional guidance provided in *Randolph*, the record does not establish that Wilson had the requisite "supervisory authority" over R. C. so as to demonstrate the offense of sexual assault as it was indicted. Consequently, Wilson's conviction and sentence under Count 1 are vacated.

*Judgment affirmed as to Count 2. Judgment and sentence vacated as to Count 1. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 2, 2004.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant, Benjamin D. Coker*, for appellant.

*William T. McBroom III, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.

---

[8] 269 Ga. 147, 150 (496 SE2d 258) (1998).

[9] Id.

[10] OCGA § 16-6-5.1 (d) establishes the offense of sexual assault when any *employee* of a licensed care facility like Sunbridge engages in sexual contact with another person who has been admitted to or is receiving services from such facility.