S08A0473. SHERMAN CONCRETE PIPE COMPANY et al.
v. CHINN.
(660 SE2d 368)

MELTON, Justice.

We granted a discretionary application in this case to determine whether the superior court properly ruled that a 1989 amendment to OCGA § 34-9-13 (e) violated Article III, Section V, Paragraph III of the Georgia Constitution of 1983 because that amendment effected a substantive change of law not contemplated by the title of the act containing the amendment. For the reasons set forth below, we affirm.

OCGA § 34-9-13 (e) places a limit on the amount of time that an insurer must pay workers' compensation death benefits to a surviving spouse or partial dependent. Prior to 1989, this statute provided: "The dependency of a spouse and a partial dependent shall terminate at age 65 or after payment of 400 weeks of benefits, *whichever is greater*." (Emphasis supplied.) Ga. L. 1989, p. 14, § 34. In 1989, however, a code re-enactment was passed, altering the language of OCGA § 34-9-13 (e). At the time of her husband's on-the-job death on January 16, 1990, Ruby Chinn's death benefits as a surviving spouse were subject to this 1989 amendment, which provided: "The dependency of a spouse and a partial dependent shall terminate at age 65 or after payment of 400 weeks of benefits, *whichever occurs first*." (Emphasis supplied.) Id. Effective July 1, 1990, OCGA § 34-9-13 (e) was amended again to provide: "The dependency of a spouse and of a partial dependent shall terminate at age 65 or after payment of 400 weeks of benefits, *whichever provides greater benefits*." (Emphasis supplied.) Ga. L. 1990, p. 1409, § 1.

After Chinn had been paid benefits for approximately 13 years, the Georgia Insurers Insolvency Pool began handling Chinn's claim, and it suspended Chinn's benefits, asserting that she had been paid well beyond the required 400 weeks under the language of the 1989 amendment. Thereafter, Chinn filed a motion for reinstatement of her benefits and argued that the version of OCGA § 34-9-13 (e) applicable to her was, among other things, unconstitutional because

it incorporated a substantive change in the law not contemplated by the title of the Act creating that change. See Ga. Const. of 1983 Art. III, Sec. V, Par. III ("No bill shall pass which refers to more than one subject matter or contains matter different from what is expressed in the title thereof.").

The title to the 1989 Act (House Bill No. 93) read: "OFFICIAL CODE OF GEORGIA ANNOTATED — CORRECTIONS AND RE-ENACTMENT." The purpose of the Act was stated as follows:

> To amend the Official Code of Georgia Annotated, so as to correct typographical, stylistic, capitalization, punctuation, and other errors and omissions in the Official Code of Georgia Annotated and in Acts of the General Assembly amending the Official Code of Georgia Annotated; to reenact the statutory portion of the Official Code of Georgia Annotated as amended; to provide for necessary or appropriate revisions and modernizations of matters contained in the Official Code of Georgia Annotated; to provide for and to correct citations in the Official Code of Georgia Annotated and other codes and laws of the state; to provide for other matters relating to the Official Code of Georgia Annotated; to provide an effective date; to repeal conflicting laws; and for other purposes.

Ga. L. 1989, p. 14.

On November 30, 2006, an administrative law judge ruled in the insurers' favor, and, on appeal, the Appellate Division of the State Board of Workers' Compensation approved the award. The Appellate Division noted, however, that it believed that the version of OCGA § 34-9-13 (e) applicable to Chinn was unconstitutional but that it had no jurisdiction to make such a ruling. Chinn then appealed the case to the superior court which reversed the Appellate Division and ruled in her favor after finding, among other things, that the 1989 version of OCGA § 34-9-13 (e) was, in fact, unconstitutional.

This decision was correct.

> The purpose of th[e] constitutional provision requiring that the act's title must alert the reader to the matters contained in its body is to protect against surprise legislation. [Cit.] . . . [R]ecognizing the wisdom of the provision, it must nevertheless be given a reasonable interpretation, and applied in the same manner. It was never intended that the substance of the entire act should be set forth in the caption. It was not contemplated that every detail stated in the body should be mentioned in the caption. *If what follows after the enacting*

*clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition.*

(Citations, punctuation and footnote omitted; emphasis in original.) *Mead Corp. v. Collins*, 258 Ga. 239-240 (1) (367 SE2d 790) (1988). Furthermore, "[i]ts object . . . was not to prevent comprehensive, but surreptitious, legislation." *Central of Ga. R. Co. v. State*, 104 Ga. 831, 846 (31 SE 531) (1898).

In this case, the object of the legislation, as set forth in its caption, was to correct grammatical errors and modernize language — all non-substantive "housekeeping" alterations. This title would not put an unknowing Legislator on notice that the act might contain major substantive changes in the nature of the law. Nonetheless, the act contains a significant substantive alteration of OCGA § 34-9-13 (e) which greatly limits the availability of workers' compensation benefits to surviving spouses. This substantive change does not properly relate to the main object of the legislation or its title in a way that would properly place Legislators on notice of the change to OCGA § 34-9-13 (e). As a result, the superior court properly determined that this change violates Art. III, Sec. V, Par. III of the 1983 Georgia Constitution because that change is not reflected in the act's title.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 2008.

*Stone & Boehm, Kimberly S. Boehm, Frank T. Putney, Jr.*, for appellants.
*Kenneth C. Pollock*, for appellee.